64 F.3d 665
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis RIDDERBUSH, Plaintiff-Appellant,
v.
Peter NAZE, Circuit Judge of Brown County, Wisconsin, Donna
Kelsey, Donna Cornelisen, et al., Defendants-Appellees.
 No. 94-1861.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1995.*
Decided Aug. 17, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Dennis Ridderbush appeals the district court's dismissal of his action for declaratory and injunctive relief brought under 42 U.S.C. Sec. 1983, asserting that he was denied adequate access to legal materials during and after several short-term incarcerations at a county jail. The district court granted summary judgment in favor of defendants and dismissed the case. We conclude that Ridderbush lacks standing to raise a claim of inadequate access during incarceration, and that his post-incarceration claim is moot. We therefore modify the district court's ruling and affirm.
 
 BACKGROUND
 
 2
 In November 1990, Ridderbush was convicted of two counts of practicing law without a license. Ridderbush was sentenced to two concurrent thirty-day jail terms; two concurrent nine-month jail terms; and three years' probation. His public defender offered to file the necessary documents for an appeal, but Ridderbush discharged her and then failed to file a notice for direct appeal within the time permitted under Wisconsin law.
 
 
 3
 More than one month after Ridderbush's deadline to appeal passed,[1] he began the first of three separate incarcerations in the Brown County Jail, totalling 33 days. The first incarceration took place from January 21, 1991 through February 14, 1991; the second took place from May 31, 1991 through June 4, 1991; and the third from June 19, 1991 through June 21, 1991. Ridderbush completed his sentence, and he is no longer incarcerated.[2]
 
 
 4
 The incidents at issue in the case occurred during and after Ridderbush's three separate incarcerations. In late January 1991, Ridderbush (while incarcerated), requested certain law books and/or access to the Brown County courthouse law library[3] for purposes of preparing a motion to vacate his sentence under Wisconsin state law. These requests were either delayed or denied. Finally, in early February 1991, Ridderbush was granted a single 1 1/2 hour research session in the courthouse law library. This session constituted Ridderbush's only access to the law library during the three incarcerations.
 
 
 5
 After he was released from the Brown County Jail, Ridderbush was still denied access to the courthouse law library for a period of several months. Sometimes he was denied access because of ongoing library renovations, but usually he was denied access because he was neither a lawyer nor a paralegal. Most library staff members believed that non-lawyers and non-paralegals needed to obtain a judge's permission to use the law library. Ridderbush, however, was not successful in obtaining permission from at least two judges. In December 1991, shortly after the renovations were completed, the library changed its policy regarding public access by allowing non-lawyers to use the library upon leaving with the Clerk of Court their name, address, and a statement of need for using the library.
 
 
 6
 In October 1991, Ridderbush filed this pro se action under 42 U.S.C. Sec. 1983, raising essentially two claims. First, he argues that while incarcerated at the Brown County Jail, he was denied adequate access to legal materials. Second, he contends that after his incarcerations, while a member of the general public, he was denied access to the Brown County courthouse law library. As a result, he alleges, he was unable to appeal his criminal conviction for practicing law without a license. He seeks only declaratory and injunctive relief.
 
 
 7
 The district court granted summary judgment in favor of defendants and dismissed the case. With regard to Ridderbush's first claim, the court held that because Ridderbush was no longer incarcerated at the time he filed the lawsuit, enjoining defendants' actions against him would have no effect, and thus his equitable claims were moot. In addition, the court noted that the time for Ridderbush's direct appeal expired prior to his incarceration; any denial of access during his incarceration would therefore not have prevented Ridderbush from filing a timely appeal. The court also observed that Ridderbush made no showing of prejudice resulting from inadequate access to legal materials. With regard to Ridderbush's second claim, the court held that once he was released from custody, he had no constitutional right to use the Brown County law library.
 
 DISCUSSION
 
 8
 On appeal, Ridderbush repeats his argument that during his 33-day incarceration at the Brown County Jail, he was improperly denied access to legal materials. He asserts that one set of 1983-84 non-annotated Wisconsin statute volumes in the jail does not qualify as an adequate legal resource. He further contends that it is discriminatory for inmates incarcerated in county jail not to have same access to legal resources as those prisoners incarcerated in state prison.
 
 
 9
 As a Sec. 1983 plaintiff, Ridderbush is entitled to injunctive and declaratory relief only if he has a personal stake in the outcome of the litigation. City of Los Angeles v. Lyons, 461 U.S. 95, 111-12 (1983). Ridderbush must show that he has sustained or is immediately in danger of sustaining direct injury as a result of the challenged official conduct, and evidence of past wrongs alone is insufficient to merit equitable relief. Id. at 101-02. Ridderbush has failed to establish this requisite personal stake in the outcome. He is no longer incarcerated at the Brown County Jail and was not incarcerated there at the time he filed this lawsuit. Nothing in the record suggests that Ridderbush will be returned to Brown County any time in the future; therefore, he is under no immediate threat of harm from the challenged shortcomings of the county jail. Stewart v. McGinnis, 5 F.3d 1031, 1037-39 (7th Cir.1993) (prisoner who had been transferred to another prison no longer had standing to seek declaratory or injunctive relief for alleged due process violations), cert. denied, 114 S.Ct. 1075 (1994); Knox v. McGinnis, 998 F.2d 1405, 1413-15 (7th Cir.1993) (prisoner released from administrative segregation lacked standing to seek injunction barring prison officials from violating his eighth amendment rights). We conclude that Ridderbush lacks standing to pursue any type of equitable relief regarding the denial of access to legal materials at the Brown County Jail.[4]
 
 
 10
 Ridderbush's other claim on appeal is that after he was released from the Brown County Jail, he was denied access to the courthouse law library for a period of several months. In December 1991, however, the library changed its policy concerning public access to allow non-lawyers to use its resources. Ridderbush does not dispute that the difficulties that previously existed for the general public to gain access to the law library no longer exist and that the present policy provides for access by the general public. Ridderbush's claim is therefore moot. Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir.1994).
 
 
 11
 Accordingly, we modify the district court's dismissal on summary judgment grounds to a dismissal for lack of standing and mootness, and AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). The appellees have filed a statement asserting that this matter is appropriate for decision without oral argument. Upon consideration of that statement, the briefs, and the record, we agree that oral argument is not necessary and the appeal is submitted on the briefs and the record
 
 
 [1]
 A judgment of conviction was entered against Ridderbush on November 26, 1990. The time for Ridderbush to file a direct appeal from that judgment expired on December 16, 1990, long before he began his incarceration at the Brown County Jail on January 21, 1991
 
 
 [2]
 Ridderbush was subsequently incarcerated from November 8, 1993 to November 10, 1993 because of a parole violation, and for a single day, on April 13, 1993, for allegedly violating the rules governing his electronic monitoring
 
 
 [3]
 The courthouse and law library are apparently either adjacent to the jail or located within the same building
 
 
 [4]
 The district court labeled this problem as one of mootness. We believe, however, that it conforms more closely to the question of standing. Mootness refers to events occurring after the filing of suit which eradicate the requisite personal interest in the resolution of the dispute that existed at the beginning of the litigation. Here, by contrast, the alleged wrong--the denial of access to legal materials during Ridderbush's incarceration--ended long before this case began. See Stevens v. Northwest Ind. Dist. Council, United Bhd. of Carpenters, 20 F.3d 720, 724 n. 11 (7th Cir.1994)