

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2002

# Colbert v. Dymacol Inc

Precedential or Non-Precedential: Precedential

Docket No. 01-4397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Colbert v. Dymacol Inc" (2002). *2002 Decisions.* Paper 539.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/539

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed August 28, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4397

BRENT COLBERT, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED

v.

DYMACOL, INC.;
INTELLIRISK MANAGEMENT CORP.,

Appellants

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 01-cv-03577
District Judge: Honorable Clarence C. Newcomer

Argued: June 14, 2002

Before: ROTH, RENDELL, and ROSENN, Circuit Jud ges.

(Filed: August 28, 2002)

David A. Searles (Argued)
Donovan Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

James A. Francis
Francis & Mailman
100 South Broad Street, Suite 208
Land Title Building, 19th Floor
Philadelphia, PA 19110

 Counsel for Appellee

Robert W. Hayes (Argued)
Robert V. Dell'Osa
Cozen & O'Connor
1900 Market Street
The Atrium
Philadelphia, PA 19103

 Counsel for Appellants

Richard J. Rubin
1300 Canyon Road
Santa Fe, NM 87501

        Counsel for Amicus-Appellee
        National Consumer Law Center

OPINION OF THE COURT

ROSENN, Circuit Judge.

This appeal presents an important question of first
impression in this circuit concerning the continued
presence of federal jurisdiction in class action litigation
when a putative class's named representative's claim
becomes moot before he or she files a Motion for Class
Certification. Defendant Dymacol, Inc. (Dymacol) made an
Offer of Judgment to the named plaintiff, Brent Colbert,
pursuant to Federal Rule of Civil Procedure (FRCP) 68,[1]

_____

1. The pertinent portion of Rule 68 provides:

> At any time more than 10 days before the trial begins, a party
> defending against a claim may serve upon the adverse party an offer
> to allow judgment to be taken against the defending party for the
> money or property or to the effect specified in the offer, with costs
> then accrued. . . . An offer not accepted shall be deemed withdrawn
> and evidence thereof is not admissible except in a proceeding to
> determine costs. If the judgment finally obtained by the offeree is
> not more favorable than the offer, the offeree must pay the costs
> incurred after the making of the offer.

2

that provided Colbert with the maximum relief he could
obtain by winning on the merits. The District Court held
that Rule 68 is fundamentally incompatible with class
action litigation and granted Colbert's Motion to Strike the
Offer of Judgment and his Motion for Class Certification,
the latter having been filed after Dymacol's offer had been
made. Because Dymacol's offer of full relief mooted
Colbert's claim before Colbert had filed his Motion for Class
Certification, we hold that there is no longer federal
jurisdiction over this litigation and the District Court's
Order will be vacated.

I.

On July 19, 2000, Colbert received a dunning letter from
Dymacol, a collection agency and wholly-owned subsidiary
of defendant Intellirisk Management Corp., requesting that
payment be made on merchandise purchased from an
entity known as Sound and Spirit.

Colbert filed a Class Action Complaint with the United
States District Court for the Eastern District of
Pennsylvania on July 17, 2001, alleging violations of the
Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.
SS 1692-1693r, and the Pennsylvania Fair Credit Extension
Uniformity Act, PA. STAT. ANN. tit. 73, SS 2270.1-2270.6, as
applied pursuant to the Pennsylvania Unfair Trade
Practices and Consumer Protection Law, PA. STAT. ANN. tit.

73, S 201-1 to S 209-6. In the Complaint, Colbert sought to represent a class of persons in the Commonwealth of Pennsylvania who, in the preceding two years, had received dunning letters from the defendants.

On September 7, 2001, before filing an Answer to the Complaint, Dymacol served Colbert with an Offer of Judgment, pursuant to FRCP 68, for the maximum amount of statutory damages recoverable under the FDCPA, including reasonable costs and attorneys' fees.

On September 10, 2001, Colbert moved to certify the Class. Two days later, Colbert moved to strike Dymacol's Offer of Judgment. The defendants opposed both motions. On October 2, 2001, the District Court held that"because Rule 68 would bypass court approval of settlement, plaintiff

has filed this suit as a class action, and this Court has not determined that plaintiff 's class action is improper, Rule 68 is not applicable here, and the Court will strike defendants' Offer of Judgment." The Court likewise granted Colbert's Motion for Class Certification.

On October 12, 2001, the defendants, pursuant to FRCP 23(f),2 filed an Application for Permission to Appeal from the District Court's Order. On December 10, 2001, we granted defendants' Application and now turn to the merits of this interlocutory appeal.3

II.

Under the United States Constitution, federal judicial power extends only to "cases" or "controversies." U.S. CONST. art. III, S 2; Flast v. Cohen, 392 U.S. 83, 94 (1968); Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). Thus, it is axiomatic that a litigation becomes moot and federal jurisdiction is lost when a dispute between the parties no longer exists or when a party loses a personal interest in the outcome of the litigation. Holstein v. City of Chicago, 29 F.3d 1145, 1147 (7th Cir. 1994)."Article III requires that a plaintiff 's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." Lusardi, 975 F.2d at 974.

On September 7, 2001, before Colbert filed a Motion for Class Certification, Dymacol made him an Offer of Judgment, pursuant to FRCP 68, in the amount of $1100 and reasonable costs and attorneys' fees, which is the maximum statutory amount Colbert could recover under the FDCPA.4 As Colbert conceded at oral argument, an offer

_____

2. The Rule provides, in pertinent part: "A court of appeals may in its discretion permit an appeal from an order of a district court granting or denying class action certification . . . ."

3. We have appellate jurisdiction pursuant to 28 U.S.C. S 1292(e).

4. On appeal, Colbert argues that he suffered actual damages and that Dymacol's Offer of Judgment was therefore not the maximum amount he could recover in this litigation. The District Court noted, however, that Colbert did "not dispute that th[e Offer of Judgment] represents the maximum he could hope to recover." (JA 10, n.1) Thus, Colbert has waived any argument that Dymacol's Offer of Judgment did not represent his maximum potential recovery.

4

of complete relief in an individual action moots the litigation. Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff 's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.") (citation omitted); Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir. 1986) (holding no case or controversy when defendant offers plaintiff full damages); Abrams v. Interco Inc., 719 F.2d 23, 32 (2d Cir. 1983) (no justification for expending court resources after defendant offered plaintiff more than plaintiff could recover on merits); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d S 3533.2 ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."). Colbert, however, argues that because this litigation was filed as a class action, typical mootness rules do not apply and he should be permitted to continue as named representative of the putative class.

The District Court accepted Colbert's argument, and granted his motions to strike Dymacol's Offer of Judgment and to certify the class. Although decisions to grant or deny class certification are usually reviewed for abuse of discretion, Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 165 (3d Cir. 2001), the District Court applied legal precepts in deciding the mootness issue, and thus our review is plenary. Davis v. Thornburgh, 903 F.2d 212, 213 n.2 (3d Cir. 1990).

The District Court held that Rule 68 is inapplicable in the class action context. In the case at bar, however, the Rule 68 issue is a red herring. Rule 68 operates merely as a fee-shifting device, requiring plaintiffs who reject Offers of Judgment to accept the risk of being taxed costs if the ultimate judgment obtained by the plaintiff is less than the defendant had offered. Assuming arguendo that the District Court is correct and Rule 68 is inapplicable in class action litigation, this assumption does not affect this case. Dymacol's Offer of Judgment was for the maximum relief Colbert could have obtained on the merits. Dymacol's use of Rule 68 as the means of transmitting its Offer of

5

Judgment is therefore irrelevant; the significant factor is

that Dymacol offered Colbert maximum relief under the governing statute. The focus on Rule 68 was therefore misplaced.

Colbert asserts that permitting a defendant to moot a class action through an offer of maximum relief to the single named plaintiff is inconsistent with FRCP 23(e), which provides that "[a] class action shall not be dismissed or compromised without the approval of the court . .." This argument elevates form over substance and we therefore reject it. The purpose of Rule 23(e) is "to protect the nonparty members of the class from unjust or unfair settlements affecting their rights." Wilson v. Southwest Airlines, Inc., 880 F.2d 807, 818 (5th Cir. 1989)(internal quotations omitted). Thus, a court with jurisdiction over a class action will give careful scrutiny to any settlement agreements between named representatives and defendants. However, in this case, there were no non-party members of the putative class when Dymacol tendered judgment. A court cannot use Rule 23(e) to circumvent the "case or controversy" requirement of Article III, as it is self-evident that the Federal Rules of Civil Procedure cannot create federal jurisdiction outside the perimeters of Article III. Accordingly, the essence of the question facing this Court is: Did Dymacol's Offer of Judgment to Colbert deprive Colbert of a stake in this case and, concomitantly, deprive the District Court of jurisdiction over the matter?

Although Dymacol's Offer of Judgment came before Colbert filed a Motion for Class Certification, Colbert and his amicus, National Consumer Law Center, cite Phillips v. Allegheny County, Pa., 869 F.2d 234 (3d Cir. 1989), for the proposition that "even though an action has not been certified as a class action, an action filed as a class action should be treated as if certification has been granted for the purposes of settlement until certification is denied." Id. at 237. Colbert and his amicus look to Kahan v. Rosenstiel, 424 F.2d 161 (3d Cir. 1970), for further support. There, the District Court had dismissed a putative class action on the ground that the underlying claim was meritless. We reversed, and stated that "[i]n the present case it is also appropriate to follow the view . . . that a suit brought as a

class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper." Id. at 169 (emphasis added).

The general principle, appropriately followed in Phillips and Kahan, is not applicable here. Cf. Bd. of School Comm'rs v. Jacobs, 420 U.S. 128, 129 (1975) (high school graduation of representative students mooted case"unless it was duly certified as a class action"). In Phillips, in contrast to the case at bar, a Motion for Class Certification was pending when the parties settled the case, and it was therefore not inappropriate to treat the case as if class certification had been granted. Kahan's facts centered

around the question whether the District Court erred in its determination that the named plaintiff 's claim was without merit; it did not involve a question of federal jurisdiction. The facts here, on the other hand, are different and are controlled by Lusardi v. Xerox Corp., 975 F.2d 964 (3d Cir. 1992).

Although acknowledging that once a class has been certified, "special mootness rules apply in the class action context," we held in Lusardi that "[a] different general rule operates when a class has yet to be certified." Id. at 974. "Normally, when claims of the named plaintiffs become moot before class certification, dismissal of the action is required." Id. "In such a situation, there is no plaintiff . . . who can assert a justiciable claim against any defendant and consequently there is no longer a 'case or controversy' within the meaning of Article III of the Constitution." Id. at 974-75 (internal quotations omitted).

There are, however, two exceptions to this class action mootness precept. First, a named representative who no longer has a personal stake can continue "to argue a certification motion that was filed before his claims expired and which the district court did not have a reasonable opportunity to decide." Id. at 975. Second, a named representative whose individual claim has expired can appeal a denial of a class certification motion filed when her claims were alive. Id. Because Colbert's individual claim expired before he filed a motion for class certification, neither exception is applicable here.

7

The second exception finds its origins in United States Parole Commission v. Geraghty, 445 U.S. 388 (1980). In Geraghty, the Supreme Court recognized that a plaintiff litigating a class action presents two separate issues to the court: (1) the merits of the litigation, and (2) the claim that he is entitled to represent a class. Id. at 402. The denial of class certification is an adjudication of the second issue. Id. The Court took pains to note that its holding "is limited to the appeal of the denial of the class certification motion." Id. at 404; Lusardi, 975 F.2d at 975 ("Recognizing the potential breadth of this theory of third-party standing, the Court took pains to limit its application."). The significance of this limitation cannot be overstated.

As Geraghty noted, "when a District Court erroneously denies a procedural motion . . . an appeal lies from the denial and the corrected ruling 'relates back' to the date of the original denial." Id. at 406-07 n.11. 5 The "relation back" theory is what prevents the evisceration of Article III's "case or controversy" requirement. Lusardi, 975 F.2d at 976 ("The 'relation back' rationale rescues Article III's 'case or controversy' requirement from virtual extinction."); id. at 983 ("Without a rule that plaintiff have a live claim at least when the motion to certify is filed, the 'case or controversy' requirement would be almost completely eviscerated in the class action context, since almost anybody might be

deemed to have standing to move to certify a class."). And, of course, there must be something to "relate back" to, which is the filing of the Motion for Class Certification. When a named representative's claim expires before a Motion for Class Certification has been filed, there is nothing to "relate back" to, id. at 978, the litigation is moot, and there is no longer federal jurisdiction over the matter. See Holmes v. Pension Plan, 213 F.3d 124, 135-36 (3d Cir.

_____

5. Dicta from an earlier United States Supreme Court decision noted that there could be times when a named representative's personal claim is mooted before a District Court can reasonably rule on class certification. In such circumstances, the Court indicated that perhaps "the certification can be said to 'relate back' to the filing of the complaint." Sosna v. Iowa, 419 U.S. 393, 402 n.11 (1975). As noted, however, Geraghty made clear that in such a contingency, the certification relates back to when the motion was filed and not the filing of the Complaint.

8

2000) ("If . . . the putative class representative's individual claim becomes moot before he moves for class certification, then any subsequent motion must be denied and the entire action dismissed.").

Colbert argues that as a matter of policy, we should not countenance a system that allows defendants to moot class actions by "picking off " claim after claim of putative representatives before they file a Motion for Class Certification. Although this argument has superficial appeal, it lacks real substance. First, it should be noted that Lusardi rejected this argument. "[E]ven so far as these opinions [accept the "picking off " argument], they still require the named plaintiff to have a personal stake when the class certification motion at issue was filed." Lusardi, 975 F.2d at 982 (emphasis in original). Second, it is highly unlikely that the defendants here are attempting to "pick off " putative representatives in order to frustrate the class action device. This is because the FDCPA limits defendants' potential liability to unnamed class members to "the lesser of $500,000 or 1 per centum of the [defendant's] net worth." 15 U.S.C. S 1692k(a)(2)(B). In their Answer to Colbert's Complaint, the defendants admitted that more than 42,000 dunning letters had been sent to Pennsylvania consumers. Thus, it would cost the defendants more to continue to "pick off " putative representatives than it would to go to trial. Therefore, at least in this case, Colbert's argument is unconvincing. Even in other higher-stakes contexts, such as asbestos litigation, "picking off " putative representatives would obviously be cost-prohibitive and otherwise impractical. We see no compelling policy argument that can overcome the jurisdictional structure delineated in Article III.

III.

Accordingly, Colbert's individual claim had become moot and the District Court lost federal jurisdiction when

Dymacol offered Colbert maximum relief. The District Court's Order granting Colbert's Motion to Strike Dymacol's Offer of Judgment and granting Colbert's Motion for Class Certification will be vacated.

9

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

10