The CLAUSEN LAW FIRM, PLLC, on behalf of itself and all others similarly situated, Plaintiff,

v.

NATIONAL ACADEMY OF CONTINUING LEGAL EDUCATION, Defendant.

Case No. 10–cv–01023–JPD.

United States District Court, W.D. Washington, at Seattle.

Nov. 2, 2010.

Kim Williams, Roblin John Williamson, Williamson & Williams, Bainbridge Island, WA, for Plaintiff.

Barbara J. Duffy, Grant S. Degginger, Erin M. Garvey, Lane Powell PC, Seattle, WA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

JAMES P. DONOHUE, United States Magistrate Judge.

## I. INTRODUCTION AND SUMMARY CONCLUSION

On June 21, 2010, plaintiff Clausen Law Firm, PLLC ("Clausen") filed a complaint on its behalf and on behalf of others similarly situated against defendant National Academy of Continuing Legal Education ("NACLE"), alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, Washington Unsolicited Telefacsimile statute, RCW 80.36.540, and Washington Consumer Protection Act, RCW 19.86, *et seq.* On August 2, 2010, NACLE tendered an offer of judgment pursuant to Fed.R.Civ.P. 68, which Clausen failed to accept. NACLE now seeks to dismiss the current action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) on the grounds that plaintiff's individual claims were mooted by plaintiff's failure to accept a complete offer of settlement tendered prior to class certification. *See* Dkt. 14; Dkt. 18. After careful consideration of defendant's motion, plaintiff's opposition, defendant's reply, oral argument of counsel, and the balance of the record, the Court DENIES defendant's motion to dismiss.

## II. BACKGROUND

The material facts relevant to defendant's motion to dismiss are undisputed. Defendant admits that on November 6, 2009, it sent a telefacsimile ("fax") to plaintiff advertising defendant's educational materials and services. *See* Dkt. 3 at 8, 17–18; Dkt. 11 at 8. The parties disagree on the issue of whether the fax was unsolicited. *See* Dkt. 3 at 8; Dkt. 11 at 8; Dkt. 16 at 3; Dkt. 17 at 1 (Williamson Decl.).

On June 21, 2010, plaintiff commenced this action in the King County Superior Court in its individual capacity and as a class representative on behalf of purported national and Washington classes comprising "[a]ll persons and entities who received an unsolicited advertisement from Defendant in a form substantially similar to" the fax received by plaintiff. Dkt. 3 at 9. Plaintiff alleges that by sending an unsolicited advertisement via fax to plaintiff and others similarly situated, defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Washington Unsolicited Telefacsimile statute ("Fax Statute"), RCW 80.36.540. *See id.* at 6–8. Plaintiff also asserts that a violation of the Fax Statute constitutes a *per se* violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86, *et seq.* *See id.* at 6–7. The relief requested by plaintiff includes (1) incidental statutory damages in the amount of $500, or treble that amount as determined by law, for each unsolicited fax received by plaintiff and each member of the national class under the TCPA and each member of the Washington class under the Fax Statute and CPA; (2) declaratory relief pursuant to the Washington Declaratory Judgment Act ("DJA"), RCW 7.24.010, that defendant violated the TCPA and Fax Statute; (3) reasonable attorneys' fees and costs; and (4) "injunctive relief as permitted by law to ensure that Defendant will not continue to send unsolicited faxes." *Id.* at 14–15. Defendant removed the case to this Court on the same day the complaint was filed, and filed its answer on June 30, 2010. *See id.* at 1–2 (Garvey Decl.); Dkt. 11. Plaintiff has not yet moved for certification of the two classes.

On August 2, 2010, approximately one-and-a-half months after the complaint was filed, defendant served plaintiff with an offer of judgment pursuant to Fed.R.Civ.P. 68 (the "Rule 68 Offer").[1] *See* Dkt. 14 at 2; Dkt. 15, Ex. A. The Rule 68 Offer included a total of $3,000 for incidental statutory damages, comprised of $500 trebled ($1500) per fax in violation of the TCPA, and $500 trebled ($1,500) per fax in violation of the Fax Statute and CPA. *See* Dkt. 15, Ex. A at 1–2. In addition, the Rule 68 Offer included "any and all reasonable attorneys' fees and costs allowable under law incurred by Plaintiff or its attorneys in this matter. Plaintiff must move the Court for an award of such fees and costs." *Id.* at 2. It also offered "to allow the Court to enter an injunction that it will not send facsimiles that violate the TCPA or the Fax Statute," and included a catch-all provision asserting that defendant would "provide Plaintiff with any other relief which is determined by the Court to be necessary to fully satisfy all of the individual claims of Plaintiff in the lawsuit." *Id.* Defendant's Rule 68 Offer was "deemed withdrawn unless written notice of acceptance is received by the undersigned before 5:00 p.m. fourteen (14) days following the date that service of this Offer was received." *Id.*

Clausen failed to accept the Rule 68 Offer within the specified fourteen-day period. *See id.* at 1 (Degginger Decl.). On September 2, 2010, defendant filed the instant motion to dismiss, contending that as a result of plaintiff's failure to accept the offer, "Plaintiff no longer has a cognizable interest in the litigation, and its claims are moot." Dkt. 14 at 2; *see also* Dkt. 18. Because federal courts do not have subject matter jurisdiction over moot claims, NACLE argues this action must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1). Dkt. 14 at 1–2.

Plaintiff responds that NACLE's motion to dismiss is premature, because plaintiff has not had a reasonable opportunity to obtain discovery and move for class certification. *See* Dkt. 16 at 1. Local Rule CR 23(i)(3) of the Western District of Washington provides that a certification motion is due "within one hundred eighty days after the filing of the complaint in a class action, unless otherwise ordered by the court or provided by statute...." Local Rules W.D. Wash. CR 23(i)(3). Pursuant to this Rule, plaintiff would have until December 21, 2010, to file its certification motion in this case.[2] *See* Dkt. 16 at 3. Plaintiff argues that defendant's "premature motion exemplifies the defense tactic, disapproved by the U.S. Supreme Court and others, of attempting to 'pick off' [named] class members so as to moot out a class action." *Id.* at 1.

At issue, therefore, is whether a proposed but uncertified class action should be dismissed for lack of federal subject matter jurisdiction following the lapse of a defendant's Rule 68 Offer of Judgment tendered approximately one-and-a-half months after the complaint was filed and before the deadline for filing motions for class certification. This issue has not been addressed directly by the U.S. Supreme Court or Ninth Circuit Court of Appeals, and federal courts in other circuits have adopted conflicting approaches.

---

**1.** Federal Rule of Civil Procedure 68 provides, in pertinent part, that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, ei-

ther party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Fed.R.Civ.P. 68(a).

**2.** The Scheduling Order in this case also directs counsel to this Rule. *See* Dkt. 13 at 2.

## III. JURISDICTION

Pursuant to 28 U.S.C. § 636(c), the parties have consented to this matter proceeding before the undersigned United States Magistrate Judge. *See* Dkt. 12 at 2. Plaintiff is a law firm located in Seattle, Washington. *See* Dkt. 3 at 7. Defendant is a New York corporation with its principal place of business in West Hempstead, New York. *See* Dkt. 11 at 2. The Court has personal jurisdiction over defendant because it has personally availed itself of the forum of Washington state by conducting business in King County, Washington. *See id.* The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). *See* Dkt. 3 at 7; Dkt. 11 at 2. Venue is proper under 28 U.S.C. § 1391(b). *See* Dkt. 3 at 7.

## IV. DISCUSSION

### A. *Legal Standard Governing Rule 12(b)(1) Motions to Dismiss*

■■■■ Subject matter jurisdiction cannot be waived and a federal court is under a continuing duty to dismiss an action whenever it appears the court lacks jurisdiction. Fed.R.Civ.P. 12(h)(3); *see also Snell v. Cleveland,* 316 F.3d 822, 826 (9th Cir.2002). When a defendant moves to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proof on the necessary jurisdictional facts because the plaintiff is the party invoking the court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *In re Ford Motor Co. and Citibank (South Dakota), N.A.,* 264 F.3d 952, 957 (9th Cir. 2001). Unlike Rule 12(b)(6), the district court is not confined to the four corners of the complaint, may consider other evi-

dence properly before the court, and need not assume the truthfulness of the complaint. *See Americopters, LLC v. FAA,* 441 F.3d 726, 732 n. 4 (9th Cir.2006). Furthermore, the existence of disputed material facts will not preclude a trial court from evaluating the merits of a challenge to subject matter jurisdiction. *See Thornhill Pub. Co. v. General Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979).

### B. *Defendant's Rule 68 Offer Of Judgment*

As a threshold matter, the parties dispute whether the tendered Rule 68 Offer did, in fact, offer plaintiff the complete relief requested. *See* Dkt. 14 at 5–6; Dkt. 16 at 3–4; Dkt. 18 at 4–6. Defendant asserts that its "Rule 68 offer ... provided Plaintiff with all the relief requested, and Plaintiff's failure to accept the Offer establishes that Plaintiff no longer has a cognizable interest in this litigation." Dkt. 18 at 1, 4–6; *see* Dkt. 14 at 5–6. In contrast, plaintiff argues that defendant's Rule 68 Offer did not provide complete relief, because it (1) imposed the burden of moving for attorney fees and costs on plaintiff, (2) failed to describe what "other relief" defendant would agree to in order to "fully satisfy all of the individual claims of Plaintiff in the lawsuit," and (3) promised insufficient injunctive relief, in light of defendant's assertion that it has not sent faxes that violated the TCPA, Fax Statute, or CPA. Dkt. 16 at 3–4.

Because the Court finds that defendant's motion to dismiss should be denied, it is unnecessary at this time to resolve the issue of whether the defendant's Rule 68 Offer provided plaintiff with complete relief.[3] For the purpose of the discussion below, the Court assumes that defendant's Rule 68 Offer did, in fact, provide complete relief as to plaintiff's individual claims.

---

**3.** During argument on the motion, plaintiff also asked the Court to assume for purposes of this motion that the Rule 68 Offer provided complete relief.

## C. *The Mootness Doctrine*

■■ Federal courts generally lack subject matter jurisdiction to consider moot claims. *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172–73 (9th Cir. 2009). A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2, of the U.S. Constitution. Specifically, mootness occurs "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). The latter situation is commonly referred to as the "personal-stake requirement," and it assures that "federal courts are presented with disputes they are capable of resolving" because they can afford the prevailing party meaningful relief. *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). Accordingly, if the plaintiff receives the entire relief sought in a particular action, the case generally becomes moot because there is no longer anything in dispute between the parties. *See generally Gator.com v. L.L. Bean, Inc.*, 398 F.3d 1125, 1131–32 (9th Cir.2005); *FERC*, 100 F.3d at 1458.

■ The U.S. Supreme Court has also recognized, however, that this general rule is riddled with exceptions, particularly in the class action context. *See Sosna v. Iowa*, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). Certification of a suit as a class action has important consequences, because certification is the time when "the class of unnamed persons described in the certification acquire[ ] a legal status separate from the interest asserted by [the named plaintiff]." *Id.* at 399, 95 S.Ct. 553. As a result, certification "significantly affects the mootness determination." *Id.*

For example, an entire action is generally not rendered moot if a named plaintiff's individual claims become moot *after* a class has been certified because the class members have acquired a personal stake in the outcome. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) ("It is true, of course, that the claims of the named plaintiffs have since been rendered moot ... Our cases leave no doubt, however, that by obtaining class certification, plaintiffs preserved the merits of the controversy for our review."). *See also Sosna*, 419 U.S. at 402, 95 S.Ct. 553 (providing that the case or controversy "may exist ... between a named defendant and a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot.").

Similarly, the Supreme Court has held that a named plaintiff whose individual claims were mooted has standing to appeal the denial of certification so long as he or she retains an economic interest in spreading litigation costs and shifting fees and expenses to the other litigants with similar claims. *See Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 332, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (holding that plaintiffs whose claims are satisfied through entry of judgment against them despite their objections may appeal the denial of class certification); *Geraghty*, 445 U.S. at 397–99, 100 S.Ct. 1202 (holding that "an action brought on behalf of a class does not become moot upon expiration of the named plaintiff's substantive claim, even though class certification has been denied. The proposed representative retains a personal stake in obtaining class certification sufficient to assure that Article III values are not undermined."). *See also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 393–94, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) (providing that although judgment was en-

tered on the merits in favor of the named plaintiff, the named plaintiff was entitled to appeal a denial of class certification). In addition, whereas *Roper* and *Geraghty* addressed the issue of whether a named plaintiff retained jurisdiction to appeal the denial of class certification following involuntary settlement of his or her individual claims, the Ninth Circuit recently held that "when a class representative *voluntarily* settles his or her individual claims, but specifically retains a personal stake as identified by *Geraghty* and *Roper*, he or she [also] retains jurisdiction to appeal the denial of class certification." *Narouz v. Charter Communications, LLC,* 591 F.3d 1261, 1264 (9th Cir.2010) (emphasis added).

Defendant correctly argues that, as a general proposition, when a named plaintiff's individual claims become moot prior to class certification, the action becomes moot and must be dismissed because the unnamed class members are not technically part of the action and therefore no plaintiff can assert a cognizable claim against the defendant. *See Board of Sch. Com'rs of City of Indianapolis v. Jacobs,* 420 U.S. 128, 129–30, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam); *Comer v. Cisneros,* 37 F.3d 775, 798 (2d Cir.1994); *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991). Again, this is a general rule with exceptions involving so-called "inherently transitory" claims, as discussed below, that can swallow that rule in certain circumstances.

Because the Ninth Circuit has not addressed the specific issue of the interplay between Rule 23 and Rule 68 in the pre-certification setting, NACLE points to unreported decisions from other courts declining to find an exception to the general mootness doctrine where a named plaintiff's individual claims were mooted by an offer of complete relief prior to class certification. These courts have generally cited the fact that the Federal Rules of Civil Procedure do not expressly limit the application of Rule 68 in the class action context, and proposed amendments to make Rule 68 inapplicable to class actions were rejected in 1983 and 1984. *See Martin v. PPP, Inc.,* 719 F.Supp.2d 967, 972–74 (N.D.Ill.2010) (observing that courts in the Third and Seventh Circuits have adopted "conflicting rules" in this context, and holding that Rule 23 permits defendants to pick off plaintiffs one by one, so long as settlement offers are made prior to the filing of the class certification motion); *Lucero v. Bureau of Collection Recovery, Inc.,* 716 F.Supp.2d 1085, 1096–98 (D.N.M. 2010) (holding that a plaintiff's failure to accept a Rule 68 Offer of complete relief mooted the proposed class action, because policy makers have declined to adopt a rule saying that Rule 68 cannot be used in an alleged class action); *Frascogna v. Security Check, LLC,* 2009 WL 57102, *4 (S.D.Miss.2009) (granting a defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) because the "plaintiff lost standing before he ever moved to amend or to certify a class" by rejecting the defendant's offer of complete relief under Rule 68).

In contrast, Clausen cites to other decisions that have applied an exception to the general mootness doctrine in order to prevent defendants from using Rule 68 as a sword to "pick off" named plaintiffs before the court has had a reasonable opportunity to rule on the issue of class certification. This Court is persuaded by the latter approach, as it is more consistent with the purpose of the class action mechanism, judicial economy, and relevant U.S. Supreme Court precedent.

### D. *The Supreme Court Has Expressly Disapproved Of "Picking Off" Named Plaintiffs Of A Proposed Class Action*

The Supreme Court expressed concern in *Roper* that a defendant's ability to "pick

off" named plaintiffs by mooting their individual claims before class certification would frustrate the purpose of class actions. *See Roper*, 445 U.S. at 339, 100 S.Ct. 1166. Specifically, *Roper* involved a class action brought by credit card holders challenging finance charges levied on their accounts and those of similarly situated card holders. *See id.* at 328–29, 100 S.Ct. 1166. After the district court denied their motion for class certification, the bank tendered to each named plaintiff the maximum amount he would have received individually. *See id.* at 329, 100 S.Ct. 1166. Although the named plaintiffs refused the offer, the district court, over the plaintiffs' objections, entered judgment in their favor and dismissed the action as moot. *See id.* at 330, 100 S.Ct. 1166. The Fifth Circuit Court of Appeals reversed, noting that "[t]he notion that a defendant may short-circuit a class action by paying off the class representatives either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive." *Roper v. Consurve, Inc.*, 578 F.2d 1106, 1110 (5th Cir.1978).

After granting certiorari, the Supreme Court rejected the bank's argument that the entire case had been mooted by the individual offers, and held that the named plaintiffs retained an individual interest in appealing the denial of class certification subsequent to the entry of judgment in their favor, over their objections. *See Roper*, 445 U.S. at 339–40, 100 S.Ct. 1166. The Supreme Court asserted that although the class action mechanism may involve the potential for misuse, it also plays a critical role in our justice system that should not be thwarted by defendants' attempts to "pick off" representative plaintiffs:

> A district court's ruling on the certification issue is often the most significant decision rendered in these class-action proceedings. To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

*Id.* at 339, 100 S.Ct. 1166. *Cf. Russell v. United States of America*, 2009 WL 4050938, *5 (N.D.Cal.2009) (granting defendant's motion to dismiss after pointing out that the "scenario does not invoke the policy concerns of a defendant targeting only the named plaintiffs to prevent a suit and frustrate the objective of a class action. Here, the United States, if it has picked off anything, has picked off an entire lawsuit and not just an individual plaintiff. The concerns of an involuntary settlement being used to thwart a class action are not present under these circumstances."). Thus, although *Roper* did not reach the difficult question of "what, if any, are the named plaintiffs' responsibilities to the putative class *prior* to certification," the Supreme Court expressly disapproved the defense tactic of "picking off" named plaintiffs through a tender of judgment as to their individual claims in order to prevent class certification. *Roper*, 445 U.S. at 340 n. 12, 100 S.Ct. 1166 (emphasis in original).

### E. The "Relation Back" Approach

Several federal courts have applied the "relation back" approach set forth by the Supreme Court in *Sosna v. Iowa* to preserve the merits of a case for class resolution despite the fact that a named plaintiff's individual claims have become moot

prior to certification. *See Sosna,* 419 U.S. at 402 n. 11, 95 S.Ct. 553. Specifically, this approach recognizes that in order to give effect to the purposes of Rule 23 in certain circumstances, it is necessary to consider a motion for class certification as "relating back" to the time the original class complaint was filed so that the putative class representative retains standing to litigate the question of class certification even though his or her individual claims have become moot.

In *Sosna,* the Supreme Court held that the "relation back" approach should be applied in "cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the [particular case] and especially the reality of the claim that otherwise the issue would evade review." *Id.* Relevant to this case, the Supreme Court has found the "relation back" approach appropriate for claims that are "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires ... In such cases, the 'relation back' doctrine is properly invoked to preserve the merits of the case for judicial resolution." *McLaughlin,* 500 U.S. at 52, 111 S.Ct. 1661 (internal citations omitted). As the Supreme Court explained in *Geraghty:*

> Although one might argue that *Sosna* contains at least an implication that the critical factor for Art[icle] III purposes is the timing of class certification, other cases, applying a "relation back" approach, clearly demonstrate that timing is not crucial....
>
> Some claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires. The Court considered this possibility in *Gerstein v. Pugh,* 420 U.S. [103], at 110, n. 11, 95 S.Ct. [854], at 861 n. 11[, 43 L.Ed.2d 54 (1975) ]. *Gerstein* was an action challenging pretrial detention conditions. The Court assumed that the named plaintiffs were no longer in custody awaiting trial at the time the trial court certified a class of pretrial detainees. There was no indication that the particular named plaintiffs might again be subject to pretrial detention. Nonetheless, the case was held not to be moot because ... [it was] by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class....

*Geraghty,* 445 U.S. at 397–99, 100 S.Ct. 1202.

As this exception to the general mootness doctrine is intensely factbound, it has been applied to prevent defendants from "picking off" named plaintiffs prior to class certification in varying contexts. For example, some courts have applied the "relation back" approach if a timely filed motion for class certification is pending before the district court, but has not yet been ruled upon. *See e.g., Lusardi v. Xerox Corp.,* 975 F.2d 964, 975 (3d Cir.1992) (noting exception to general mootness rule where district court did not have reasonable opportunity to consider pending certification motion); *Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1045 (5th Cir. 1981) ("conclud[ing] that a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification."); *Susman v. Lincoln Am. Corp.,* 587 F.2d 866, 869–71 (7th Cir.1978) (holding case

not moot when class certification motion was pending before district court at time named plaintiffs were tendered damages). In contrast, other courts have held that only a motion to certify the class filed within the Rule 68 offer period will avoid mootness. *See Parker v. Risk Mgmt. Alternative, Inc.,* 204 F.R.D. 113, 115 (N.D.Ill.2001).

Most relevant to this case, courts have applied the "relation back" approach even where a plaintiff has not yet moved for class certification, if the Rule 68 Offer followed so closely on the heels of the class complaint that the plaintiff did not have a reasonable opportunity to conduct discovery and file a certification motion. Significantly, this approach has not only been applied in cases where the nature of a plaintiff's claims are "inherently transitory" in the sense that the claims will naturally expire with the passage of time, but also where the claims are likely to expire because it is financially feasible for a defendant to "buy off" the individual claims of successive plaintiffs. Thus, courts have applied the "relation back" approach to prevent defendants from manipulating Rule 68 so as to render a named plaintiff's individual claims so transitory that he or she could not realistically bring a motion for class certification before the claims are mooted.

For example, in *Weiss v. Regal Collections,* the Third Circuit applied the "relation back" approach to the claims of the named plaintiff who had not yet filed a motion for class certification at the time he received a Rule 68 offer from the defendant. The court found that "[a]lthough Weiss's claims here at not 'inherently transitory' as a result of being time sensitive, they are 'acutely susceptible to mootness' ... in light of defendants' tactic of 'picking off' lead plaintiffs with a Rule 68 offer to avoid a class action." *Weiss v. Regal Collections,* 385 F.3d 337, 347 (3d Cir.2004).

Because "the federal rules do not require certification motions to be filed with the class complaint, nor do they require or encourage premature certification determinations," the court found it "appropriate ... that the class action process should be able to 'play out' according to the directives of Rule 23 and should permit due deliberation by the parties and the court on the class certification issues." *Id.* at 347–48. Thus, "[a]s in *Roper,* allowing the defendants here to' pick off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims...." *Id.* at 344, 100 S.Ct. 1166. The Third Circuit held that "[a]bsent undue delay in filing a motion for class certification ... where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." *Id.* at 348, 100 S.Ct. 1166. *Accord Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir. 2008) (holding that the "relation back" approach applies to ensure that defendants cannot unilaterally "pick off" class action representatives by paying the individual plaintiff's claim in full prior to class certification, and acknowledging that "[o]ther courts have found that there must be some time for a plaintiff to move to certify a collective action before a defendant can moot the claim through an offer of judgment."); *White v. OSI Collection Services, Inc.,* 2001 WL 1590518, *4 n. 7, *6 (E.D.N.Y.2001) (declining to define "transitory" as necessarily "time-limited," and holding that where statutory damages are capped "so no individual statutory damages claim is very large ... it may be financially feasible for the defendant to

buy off successive plaintiffs in the hopes of preventing certification. It is in this sense that plaintiff's claim is acutely susceptible to mootness, and thereby fairly characterized as transitory."); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y.2001) ("Here, it is true no motion for class certification was pending at the time defendant made its Rule 68 Offer of Judgment. However, the complaint was filed on May 23 . . . and the Rule 68 offer was made a mere 32 days later, well before plaintiff could be reasonably expected to file its class certification motion."); *Liles v. Am. Corrective Counseling Servs., Inc.*, 201 F.R.D. 452, 455 (S.D.Iowa 2001) (declining to dismiss a proposed class action on mootness grounds following the defendant's tender of a Rule 68 Offer because "[plaintiff] filed this action as a class action. As such, she has assumed a responsibility to members of the putative class and this Court has a special responsibility to protect their interests, regardless of whether a motion for class certification has been filed.").

F. *The "Relation Back" Approach Should Be Applied In This Case*

■ In this case, NACLE extended the Rule 68 Offer to Clausen approximately one-and-a-half months after the proposed class complaint was filed, and four-and-a-half months before the 180–day period for moving for class certification expired. *See* Dkt. 15, Ex. A. Plaintiff contends that under these circumstances, it "has not had a reasonable opportunity, as permitted by LR 23(i)(3), to obtain discover and move for class certification." Dkt. 16 at 1. Defendant has not proffered any evidence in these proceedings that plaintiff has been dilatory in moving for class certification. *See* Dkt. 14; Dkt. 18. Defendant also concedes that its Rule 68 Offer was purposefully extended before plaintiff moved for class certification in order to moot plaintiff's individual claims, because "the

costs of litigating and defending against a class action are high. Accordingly, NACLE made a thoughtful decision to offer Plaintiff the relief it requested, because the relief is far less expensive than engaging in lengthy discovery, motion practice, and protracted litigation." Dkt. 18 at 3–4. Although NACLE admits that the Supreme Court cautioned against "picking off" named plaintiffs in the class action context in *Roper*, it maintains that *Roper's* disapproval of this defense tactic should not control the outcome of this case. *See id.* at 6 n. 2.

The Court concludes that this case involves the precise scenario as to which application of the "relation back" approach is appropriate to prevent a defendant's Rule 68 offer from thwarting a proposed class action. Specifically, plaintiff's claims have been rendered "inherently transitory" by defendant's purposeful attempt to "pick off" plaintiff's individual claims at this early stage of the litigation in order to deprive plaintiff of a reasonable opportunity to bring a timely class certification motion, as well as deny this Court an opportunity to consider such a motion. Indeed, it is apparently financially feasible, and even "far less expensive," for defendant to "pick off" named plaintiffs in this action rather than allow the case to proceed to certification. Dkt. 18 at 4.

Permitting defendant to defeat this proposed class action in this manner would invite waste of judicial resources by "stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339, 100 S.Ct. 1166. Moreover, to obviate this tactic would require successive plaintiffs to file their certification motions prematurely, at the same time as their class complaint. This process is inconsistent with the procedure set forth by Rule 23, which contemplates that parties have a reasonable opportunity to conduct discov-

ery and develop the facts needed for a certification determination. Specifically, Rule 23 directs that the court determine whether to certify an action as a class action "at an early practicable time" after the commencement of the action. Fed. R.Civ.P. 23(c)(1)(A). The Advisory Committee Notes to the 2003 Amendments explain that the "early practicable time" language was specifically adopted to replace the former "as soon as practicable" standard in order to allow for "the many valid reasons that may justify deferring the initial certification decision ... Time may be needed to gather information necessary to make the certification decision." Fed. R.Civ.P. 23(c)(1) 2003 Advisory Committee Notes.

Thus, the Court declines to adopt an approach that would deny the plaintiff in this case, as well as future plaintiffs, a reasonable opportunity to conduct discovery prior to moving for class certification as contemplated by Rule 23 and Local Rule CR 23(i)(3). Instead, the Court will apply the "relation back" approach to prevent defendant from purposefully "picking off" plaintiff's transitory claims through a Rule 68 Offer of Judgment before the Court has had an opportunity to consider class certification.

### G. Defendant's Arguments Regarding the Interplay Between Rule 68 and Rule 23 Are Unpersuasive

NACLE asks this Court to follow dicta from the Seventh Circuit in *Greisz v. Household Bank,* and hold that irrespective of a plaintiff's diligence in moving for class certification, a class action may be mooted by an offer of complete relief tendered to a named plaintiff before a motion for class certification is filed. *See* Dkt. 14 at 7. Although *Greisz* involved an offer of judgment tendered after the district court denied class certification, the court observed,

We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class. For then Longo would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought off *that* plaintiff as well and had repeated this tactic as Longo scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the *entire* relief sought by the suit, *Alpern v. UtiliCorp United, Inc., supra,* 84 F.3d 1525, 1539 (8th Cir.1996); *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 341, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) (concurring opinion), unless the offer comes before class certification is sought, *Holstein v. City of Chicago, supra,* 29 F.3d [1145] at 1147 [ (7th Cir. 1994) ], and so before the existence of other potential plaintiffs has been announced.

176 F.3d 1012, 1015 (7th Cir.1999). *See also Wiesmueller v. Kosobucki,* 513 F.3d 784, 786 (7th Cir.2008).

In addition, defendant cites *Lucero v. Bureau of Collection Recovery, Inc.,* a recent unpublished decision from the District of New Mexico. *See* Dkt. 18 at 2. In *Lucero,* the court considered whether to dismiss a putative class action on the grounds that the plaintiff no longer had a personal stake in the outcome of the lawsuit following his failure to accept a Rule 68 Offer of Judgment because no motion for class certification had been filed. *See Lucero,* 716 F.Supp.2d at 1094. The court concluded that "[b]ecause there is no class, Lucero's only legal interest at the time the offer of judgment was made, and now, is in his own claim, and Lucero cannot deny an

offer which fully satisfies his claim and then maintain that he still has a personal stake in the outcome of the lawsuit." *Id.* at 1097. In dismissing the plaintiff's claim as moot, the *Lucero* court held,

> In the end, the Court does not have jurisdiction over a case where no class has been certified but the defendant has satisfied the plaintiff's demand for relief. Article III of the Constitution requires that there be a case or controversy, and the Court does not believe it has the discretion to create exceptions from the constitutional requirement to advance the purposes and utility of the class action device ... Nor does the Court believe it is prudent, in the name of public policy, to create by judicial ruling what the rules committee has declined to do. The problem, if there is one, is rather easily fixed, by saying that rule 68 cannot be used in an alleged class action, yet policy makers have declined to adopt that rule. There are good public policy reasons on both sides of the dispute. There is a strong policy in favor of settlement of disputes. Moreover, not all agree with the social utility and efficiency of class actions in all circumstances. In any case, the Court does not believe it should fashion a rule that is inconsistent with the plain language of the federal rules and violates Article III without clear guidance from the policy makers and/or the higher courts.

*Id.* at 1097. *See also Martin,* 719 F.Supp.2d at 970 (providing that in the class action context, "an offer's effect depends on its timing: offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not.").

The Court has considered the cases cited by defendant, including *Lucero,* but adopts instead the reasoning of courts that have rejected such holdings. Specifically, these courts have found that if the putative class representatives' claims could be mooted by a settlement offer tendered before the certification motion is filed: (1) each side will endeavor to beat the other to the punch, causing plaintiffs to prematurely file their certification motions in order to maintain their claims without completing the class-related discovery necessary to develop the facts for certification determinations, when Rule 23 specifically directs the timing of a class certification motion to be filed "at an early practicable time"; (2) Rule 68 would essentially trump Rule 23, enabling defendants to essentially "opt-out" of Rule 23, a result that is not contemplated by the Rules; (3) multiple plaintiffs will be forced to bring successive suits in order to obtain redress, thereby wasting judicial resources as courts resolve largely identical lawsuits; (4) the self interests of the named plaintiff will be pitted against the interests of the class as a whole, as the named plaintiff is forced to weigh their own interest in avoiding personal liability for costs under Rule 68 against the potential recovery of the class. *See Weiss,* 385 F.3d at 345–48; *Hrivnak v. NCO Portfolio Management, Inc.,* 723 F.Supp.2d 1020, 1030–31 (N.D.Ohio 2010).

Although the defendant is correct that "the plain purpose of Rule 68 is to encourage settlement and avoid litigation," defendant has failed to identify any language in the Rules, or the Advisory Committee Notes, encouraging parties to use Rule 68 as a means of obtaining *involuntary* settlement, let alone circumventing the class action mechanism of Rule 23. *Marek v. Chesny,* 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The Court declines to adopt such an approach in this case, where there is no evidence that Clausen has unduly delayed filing its certification motions.

Accordingly, when and if Clausen files a timely motion for class certification, it will "relate back" to June 21, 2010, the date of

the proposed class complaint. *See* Dkt. 3, Ex. A. If this Court grants such a certification motion, then defendant's Rule 68 Offer as to plaintiff's individual claims will not render this action moot, as it will not fully satisfy the claims of the putative class members.

## V.  CONCLUSION

For the reasons discussed above, the Court hereby ORDERS as follows:

(1)  Defendant's motion to dismiss pursuant to Rule 12(b)(1), Dkt. 14, is DENIED.

(2)  The Clerk is directed to send copies of this Order to counsel for all parties.