JAMES I. COHN, United States District Judge
THIS CAUSE is before the Court upon Defendant Watches of Switzerland Group USA, Inc.'s ("Watches of Switzerland") Motion to Determine the Case in Two Phases ("Motion") [DE 21.] The Court has considered the Motion, Plaintiff Brian Keim's Response [DE 25], Defendant's Reply [DE 30], and the record in this case, and is otherwise advised in the premises. For the reasons set forth below, the Court will deny the Motion.[1]
Plaintiff brings this putative class action under the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681c(g) ("FACTA"). Plaintiff alleges that Watches of Switzerland violated FACTA by printing more than the last five digits of its customers' credit card and/or debit card numbers on their transaction receipts. DE 1. Plaintiff does not seek actual damages. Id. ¶ 56. Rather, Plaintiff seeks statutory damages, id., which are only available in cases involving "willful" FACTA violations. 15 U.S.C. § 1681o.
Defendant Watches of Switzerland thus proposes that the Court "first determine the issue of whether the alleged conduct ... was willful." DE 21 at 3. Specifically, Watches of Switzerland requests that the Court "separate the discovery, dispositive motion practice, and determination of the merits of the issue of willfulness" from all other issues, including class certification. Id. Watches of Switzerland argues that this approach would be more efficient, especially because Plaintiff is unlikely to establish a willful FACTA violation and accordingly, "Plaintiff's case would be resolved at that point without the need for litigation of the remaining issues raised by the pleadings including Defendants' defenses and class certification." DE 21 at 5. Even if Watches of Switzerland's conduct is found to be willful, Watches of Switzerland argues that a "phased approach" would not prejudice Plaintiff. Id. at 7-8. Plaintiff opposes Watches of Switzerland's proposed phased approach, arguing that Watches of Switzerland is not likely to prevail on willfulness and that regardless, "it makes no sense to conduct separate discovery, Daubert motions, dispositive motions, and a trial on the willfulness element of Plaintiff's claim, and then repeat that process for all other issues later ..." DE 25 at 6.
It is "within the court's discretion to consider the merits of the claims before their amenability to class certification."
*1142 Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1343 (11th Cir. 2000). However, Federal Rule of Civil Procedure 23(c) provides that the court must decide class certification at "an early practicable time." And "[i]t is well settled that the issue of certification should generally be resolved prior to addressing the merits of the plaintiff's claims." Quinn v. Specialized Loan Servicing, LLC, 321 F.R.D. 324, 326 (N.D. Ill. 2017). See also Wiesmueller v. Kosobucki, 513 F.3d 784, 787 (7th Cir. 2008) (describing as "exceptional" those cases "in which deciding the merits of the case first and the motion for class certification second is proper.").
The Court is not convinced that that this is an appropriate case in which to depart from the normal course of considering class certification prior to addressing the merits of the case. Nor does the Court agree with Watches of Switzerland that determining this case in two phases will further convenience and promote efficiency. For one, as other courts have noted, "bifurcating discovery may give rise to disputes over whether a particular discovery request relates to the merits or to class certification." Quinn, 321 F.R.D. at 327. Moreover, under Watches of Switzerland's proposed approach, if Plaintiff does establish a willful violation of FACTA, then a second round of fact discovery, expert discovery, and dispositive motions will be necessary. The Court therefore declines to exercise its discretion to adopt this piecemeal approach. Accordingly, it is
ORDERED AND ADJUDGED that Defendant Watches of Switzerland Group USA, Inc.'s Motion to Determine the Case in Two Phases [DE 21] is DENIED.
DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of June, 2019.

The Court will also deny Defendant's request in the Motion for a hearing because the Court finds a hearing unnecessary to resolve this relatively straightforward procedural matter.