Robert A. HOLSTEIN and Brian Grove, Individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

CITY OF CHICAGO, a municipal corporation, Defendant–Appellee.

Nos. 93–2634, 93–2885.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1994.

Decided July 15, 1994.

Aron D. Robinson, Jewel N. Klein, Corey S. Berman (argued), Holstein, Mack & Klein, Chicago, IL, for Robert A. Holstein and Brian Grove in No. 93–2634.

Jewel N. Klein, Corey S. Berman (argued), Holstein, Mack & Klein, Chicago, IL, for Robert A. Holstein and Brian Grove in No. 93–2885.

Anita K. Modak–Truran, Stanley A. Berman, Office of Corp. Counsel, Lawrence Rosenthal, DCC, Benna R. Solomon, Julian Henriques (argued), Susan S. Sher, Office of Corp. Counsel, Appeals Div., Chicago, IL, for City of Chicago.

Before BAUER, MANION, Circuit Judges, and GILBERT, Chief District Judge.*

* The Honorable J. Phil Gilbert, Chief Judge of the United States Court for the Southern District of Illinois, is sitting by designation.

BAUER, Circuit Judge.

In separate and unrelated incidents, the City of Chicago towed cars belonging to Robert Holstein and Brian Grove. Predictably, Holstein and Grove were displeased with their treatment by the City's police department. They demonstrated their displeasure by filing this lawsuit against the City. They allege that two provisions of the City's Municipal Code are unconstitutional because one provision permits the City to tow cars arbitrarily and another provides that post-tow hearings be conducted without affording car owners due process. The City moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. The district court granted the City's motion to dismiss, 803 F.Supp. 205, and we affirm.

## I. Facts

On August 1 and August 2, 1991, Grove attended games featuring the Chicago White Sox in Comiskey Park. On both nights, Grove parked legally in the vicinity of the ballpark, but the City towed his car. Grove contested the validity of the tows at a post-tow hearing, pursuant to Chicago Municipal Code § 9–92–080. The presiding officer deemed the tows valid. On October 11, 1991, Grove joined the instant action individually and as a purported class representative. On November 7, 1991, the City informed Grove that it had determined that both of the tows of his vehicle were improper and instituted procedures to refund to Grove the towing and storage fees he was forced to pay in August. To date, Grove has refused the City's offer of restitution.

As for Holstein, the City towed his Mercedes from where it was parked in Chicago's Gold Coast neighborhood on December 8, 1990. The City also issued a ticket to Holstein because his car was blocking a crosswalk in violation of Chicago Municipal Code § 9–64–100(f). After Holstein retrieved his car from the city's auto pound, he requested a post-tow hearing. The hearing officer received Holstein's request, inspected the site

of the tow, and later contacted Holstein to inform him that the tow was proper.

Dissatisfied with the phone hearing, Holstein requested an in-person hearing. Prior to the in-person hearing, Holstein contested his parking ticket, and the City dismissed it. At the in-person hearing held March 25, 1991, Holstein was not permitted to question the ticketing officer or present evidence that the parking ticket had been dismissed. The hearing officer ended the hearing by refusing to reverse his prior determination that the tow was proper.

## II. Grove's Claim

In counts I and II of his amended complaint, Grove seeks a declaratory judgment that Chicago Municipal Code § 9–92–080 and the City's post-tow hearing procedures are unconstitutional. Within three months after Grove's car was towed, however, the City responded to Grove's complaints that the tows were improper and offered to refund his money. At that point, Grove had not sought certification from the district court of his putative class. As we shall explain, these developments forced the district court to dismiss the claims for lack of subject matter jurisdiction.

■■ Article III of the United States Constitution confers on the federal courts jurisdiction over cases and controversies. Both litigants must have a personal interest in the case at the beginning of the litigation, and their interests must persist throughout its entirety. *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980). A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit. *Banks v. National Collegiate Athletic Ass'n*, 977 F.2d 1081, 1085 (7th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 2336, 124 L.Ed.2d 247 (1993).

■ In this case, the City has offered Grove all the damages due him; he does not argue that the offer does not adequately reimburse him or that the City's offer is insincere. Grove may not spurn this offer of all the damages he is owed and proceed to trial. *See Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987). "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir.1991) (citations omitted). Hence, Grove's claim is moot.

■ Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction. But mootness requirements are somewhat different where the plaintiff attempts to represent a class. If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *Geraghty*, 445 U.S. at 398, 100 S.Ct. at 1209. Here, Grove cannot claim the benefit of this exception to the mootness doctrine because the district court did not certify the class; indeed, Grove did not even move for class certification prior to the evaporation of his personal stake. Grove, then, cannot avail himself of the class action exception to the mootness doctrine.

■ The only other vehicle by which Grove may avoid dismissal because of mootness is to demonstrate that his claim on the merits, while no longer live, is "capable of repetition, yet evading review." To do so, Grove must prove that: 1) his claim is "so inherently transitory that the trial court [did] not have enough time to rule on a motion for class certification before the proposed representative's individual interest expire[d]," *County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S.Ct. 1661, 1667, 114 L.Ed.2d 49 (1991) (citations omitted); and 2) he will again be subject to the alleged illegality, *City of Los Angeles v. Lyons*, 461 U.S. 95, 110, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983). *See Robinson v. City of Chicago*, 868 F.2d 959, 967 (7th Cir.1989). He cannot make the showing required by either prong.

Regarding the transitory nature of his claim, Grove achieved standing at the onset of this suit only because he refused to wait until the administrative proceeding had run

its course. This proceeding concluded within three months of the tows with a result in Grove's favor, seemingly an altogether reasonable time frame in which to conduct such an investigation and determination. It was only because Grove jumped the gun in joining this action that his claim is "transitory" at all or, for that matter, even existed. The claim, however, is not "so inherently transitory" that Grove can evade the mootness doctrine.

Even if this claim were to be considered transitory, it is not likely that Grove will be subject to the City's procedures in the future. The mere physical or theoretical possibility of Grove being improperly towed is insufficient to satisfy this prong. *Jones v. Sullivan,* 938 F.2d 801, 806 (7th Cir.1991). Instead, there must be a "reasonable expectation" or a "demonstrable probability" that the same controversy will recur involving the same parties. *Id.* at 807 (quoting *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982)). Grove cannot make such a showing, and as a result, his claim is not "capable of repetition, yet evading review." Grove's claim, therefore, is moot.

### III. Holstein's Claim

Holstein contends that the procedures comprising his post-tow administrative hearing are unconstitutional; they deprived him of due process of law. The district court found that Holstein had waived this claim by not pursuing it in the state court forum in which it belongs; it also held that by failing to raise constitutional issues at his post-tow administrative hearing, Holstein was barred from raising those same issues in federal court by the doctrine of *res judicata.* While the substance of the district court's decision is substantially similar to that of ours, we rest our decision on the ground that Holstein has failed to allege a due process violation and therefore has not stated a claim on which relief can be granted.

■■ We have previously held that, in instances in which a municipality tows an illegally parked car, the Due Process Clause does not demand that the municipality provide a predeprivation hearing to the owners of the illegally-parked cars. *Sutton v. City*

*of Milwaukee,* 672 F.2d 644 (7th Cir.1982). In circumstances in which a pre-deprivation hearing is not required, due process requires that the governmental unit afford post-deprivation procedures that are adequate to remedy erroneous deprivations of liberty or property. *See, e.g. Zinermon v. Burch,* 494 U.S. 113, 127–28, 110 S.Ct. 975, 983–85, 108 L.Ed.2d 100 (1990); *Parratt v. Taylor,* 451 U.S. 527, 539, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). In this case, Illinois provided adequate means for Holstein to redress his property deprivation, and Holstein received all the process he was due. *See Kauth v. Hartford Ins. Co. of Illinois,* 852 F.2d 951, 955–56 (7th Cir.1988) (citing *Daniels v. Williams,* 474 U.S. 327, 339–40, 106 S.Ct. 677, 678–79, 88 L.Ed.2d 662 (1986)).

In Illinois, a party disappointed in a determination made by a municipality's administrative agency may seek review in the circuit court by the common law writ of *certiorari. Graff v. City of Chicago,* 9 F.3d 1309, 1325 (1993) (string-cite omitted). Review is extremely broad in scope and extends to all questions of fact and law contained in the record before the court, including *de novo* review of any constitutional issues. *Howard v. Lawton,* 22 Ill.2d 331, 333, 175 N.E.2d 556 (1961). "If the circuit court, on the return of the writ, finds from the record that the inferior tribunal proceeded according to law, the writ is quashed; however, if the proceedings are not in compliance with the law, the judgment and proceedings shown by the return will be quashed." *Stratton v. Wenona Comm. Unit Dist. No. 1,* 133 Ill.2d 413, 427, 141 Ill.Dec. 453, 551 N.E.2d 640 (1990). As if this expansive remedy was not enough, if Holstein was able to prove that the administrative hearing was futile or illusory, *see Graham v. Illinois Racing Bd.,* 76 Ill.2d 566, 31 Ill.Dec. 771, 394 N.E.2d 1148 (1979), he could have proceeded directly to a state court replevin action. 735 ILCS 5/19–101 to 19–128. Clearly, these remedies provided by the state of Illinois comport with procedural due process.

Our cases have acknowledged the lack of guidance from the Supreme Court for the proper analysis of a claim alleging a substantive due process right regarding property

interests. *See, e.g., New Burnham Prairie Homes v. Village of Burnham,* 910 F.2d 1474, 1480 (7th Cir.1990). These cases have stated, however, that in order to properly allege a violation of substantive due process, the plaintiff must at least show "either a separate constitutional violation or the inadequacy of state law remedies." *Id.* at 1481 (citations omitted). In the instant case, Holstein does not allege a separate constitutional violation. Further, we have already decided that the state remedies available to Holstein were more than adequate. Holstein's complaint, therefore, does not state a substantive due process claim on which relief can be granted, and the district court properly dismissed count III of the complaint for lack of subject matter jurisdiction.

### IV. Conclusion

Because we find that Grove's claim is moot and Holstein has failed to demonstrate any due process violation, the district court's order dismissing the complaint for lack of subject matter jurisdiction and failure to state a claim is

AFFIRMED.