Thomas F. ASCH, on behalf of himself and all others similarly situated, Plaintiff,

v.

TELLER, LEVIT & SILVERTRUST, P.C., an IL Professional Corporation, Defendant.

No. 00 C 3290.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 26, 2000.

John Reid Malkinson, Seth Robert Halpern, Malkinson & Halpern, P.C., Michael Jonathan Nachsin, Jonathan Nachsin, P.C., Chicago, IL, for Thomas F. Asch. behalf of himself, and all others similarly situated, John A. Bollweg, plaintiffs.

Daniel Francis Konicek, Konicek & Dillon, P.C., St. Charles, IL, for Teller, Levit & Silvertrust, P.C., An Illinois professional corporation, defendants.

## ORDER

GOTTSCHALL, District Judge.

On May 31, 2000, plaintiff filed a complaint under the Fair Debt Collection Act seeking a declaration that defendant's debt collection practices on behalf of the Illinois Student Assistance Commission ("ISAC") violate the Act. Plaintiff's complaint seeks an injunction against issuance of "further false statements of debt" on plaintiff's collection account, an accounting on plaintiff's collection account, actual damages, statutory damages of $1000, and pre- and post-judgment interest and attorneys' fees. The complaint also seeks certification of a class and relief on behalf of the class including an injunction.

Plaintiff informs the court that on July 28, 2000, defendant's counsel executed a waiver of service. Then, on July 31, apparently prior even to appearing in this action, defendant served on plaintiff a Rule 68 offer of judgment. On August 2, within the ten days allowed by Rule 68 for accepting the offer of judgment and just 63 days after filing its complaint, plaintiff moved for class certification and shortly thereafter moved to strike the offer of judgment. On August 14, defendant moved to dismiss on the sole ground that its offer of judgment rendered plaintiff's

case moot and deprived the court of subject matter jurisdiction.

The issue before the court is whether, assuming the Rule 68 offer of judgment offered plaintiff everything he could individually hope to obtain from his suit, the offer mooted plaintiff's putative class action. Defendant relies primarily on two Seventh Circuit cases for its argument that its offer of judgment mooted plaintiff's case in its entirety and deprived the court of subject matter jurisdiction: *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir.1999) and *Holstein v. City of Chicago*, 29 F.3d 1145 (7th Cir.1994). In *Holstein*, before the plaintiff sought class certification, defendant offered to pay all the damages due him. The court stated that once the court certifies a class, paying·plaintiff's individual claim would not moot the action, but prior to that time, an offer of all the damages the named plaintiff can collect requires dismissal for lack of subject matter jurisdiction. *Id.* at 1147. Without indicating whether it would make a·difference, the court explicitly noted that the problem was not simply that a class had not been certified but that the plaintiff had not even *moved* for class certification. In *Greisz*, addressing a situation in which an offer of judgment was made after the denial of class certification, the court in *dicta* stated that the "tactic" of buying off the named plaintiff is precluded prior to the time the class is certified, since prior to a decision on certification, there are many potential plaintiffs and an offer to one is not an offer of the entire relief sought. 176 F.3d at 1015.

*Holstein* thus states that after a class is certified, an individual settlement offer will not moot the action, but before certification, it will; *Holstein*, however, begs the question of what occurs during the pendency of an unresolved motion for class certification. *Greisz* states that once class certification is denied, settlement with the individual named plaintiff is permissible, but before the decision on certification, such a settlement is impermissible, suggesting that once a complaint is filed seeking class certification, the named plaintiff may have obligations to the class. As is evident, *Holstein* and *Greisz* are arguably inconsistent. Moreover, neither

speaks clearly to the issue of what happens where a motion for class certification is filed before an offer of judgment has lapsed.

Two recent district court cases have addressed the interplay of Rule 68 and Rule 23. In *Wiskur v. Short Term Loans*, 94 F.Supp.2d 937 (N.D.Ill.2000), a Rule 68 offer of judgment was made and it expired. Plaintiff then moved for class certification. The court granted defendant's motion to dismiss for lack of subject matter jurisdiction, stating that plaintiff's case "was moot once the offer was made." *Id.* at 939. In *Wiskur*, as in *Holstein*, the Rule 68 offer was made and expired prior to any motion for class certification.

Closer to the instant dispute are the facts of *Janikowski v. Lynch Ford, Inc.*, No. 98 C 8111, 1999 WL 608714 (N.D.Ill. Aug.5, 1999), *aff'd on other grounds*, 210 F.3d 765 (7th Cir.2000). While the sequence of events is not entirely clear from the court's opinion, the docket reveals that ten days after an offer of judgment was made to the individual plaintiff, a renewed motion for class certification was filed (class certification having been previously denied). Judge Conlon ruled that since the "motion for class certification was pending during the ten days allotted by Rule 68 for acceptance or denial of the offer," the named plaintiff "could not consider a settlement offer made to her personally." *Id.* at *2.

What *Janikowski* implies, if it does not explicitly so state, is that a motion for class certification made *during* the ten-day pendency of a Rule 68 offer of judgment precludes a plaintiff from taking a private settlement just as if the class certification motion had been made prior to the service of the Rule 68 offer. In the absence of clear guidance from the Seventh Circuit,· the court believes this approach makes the most sense. The tactic employed by defendant in this case, service of a Rule 68 offer before the defendant has appeared, answered or moved to dismiss, would force plaintiffs to file class certification motions with the complaint. That in turn would force defendants to brief the motion and the court to rule on it prior to any discovery and prior to any opportunity on the part of the parties to address settle-

ment in a meaningful way. Defendants, of course, would seek a delay in briefing the class certification motion until they could take discovery, but the district courts, under pressure from the Civil Justice Reform Act to rule on motions in no more than six months from filing, would be hard pressed to give them that time. One thing is certain: if defendant is successful in its use of Rule 68 in this case, few class action complaints will be filed in this district in the future without accompanying class certification motions. In the view of this court, this will not promote the efficient and fair management of class action cases.

Allowing the plaintiffs the kind of retaliatory strike seen here and in *Janikowski,* where the plaintiff can avoid the Rule 68 offer by moving for class certification during its pendency, adds an appropriate degree of symmetry to the oft-observed asymmetrical bite of Rule 68. Nor does it run afoul of the express language of the Rule. It has the additional salutary effect of taking away the incentive for a defendant to make a Rule 68 offer before either party has had a reasonable opportunity to evaluate the case; it restores Rule 68 to the role it should have—a means of facilitating and encouraging settlements, rather than a clever device for gaining an advantage by racing to the courthouse.

Alternatively, the court agrees with plaintiff that defendant's Rule 68 offer, asserting that defendant "[a]grees to waive the remaining amounts owed by Mr. Asch to the Illinois Student Assistance Commission," is *ultra vires* and void on its face inasmuch as plaintiff owes the debt to ISAC, not to defendant. Indeed, defendant's contract with ISAC explicitly provides that defendant has *no authority* (emphasis in original) to settle an account without prior written approval of ISAC, and the offer of judgment fails to suggest that ISAC has provided such approval. In attempting to support the validity of its offer, defendant has argued that under its contract with ISAC, the defendant would be liable to ISAC for any amounts which defendant erroneously advised plaintiff are not owed; assuming the "waiver" could be construed as defendant's advice to plaintiff that

he owed no money, ISAC would have a contractual right to seek the amounts owed by plaintiff from defendant. However, it is unclear that ISAC would be foreclosed from attempting to collect from plaintiff as well, leaving plaintiff in the position of having to seek indemnification from the defendant. It is unclear what, if any, security this provision would give to plaintiff and what costs he might incur enforcing the agreement defendant has offered him. It is difficult to see this ambiguous "waiver" as equivalent to the relief plaintiff would receive if he succeeded in invalidating defendant's debt collection practices, won his prayed-for accounting and was found to owe less money than defendant claims. Under these circumstances, plaintiff should not be forced to gamble that the ambiguity will work out his way. *See generally Webb v. James,* 147 F.3d 617, 621 (7th Cir.1998).

### Conclusion

Defendant's motion to dismiss is denied. Since defendant's offer of judgment was never filed, there is nothing to strike and plaintiff's motion to strike is accordingly denied as moot.