In the

# United States Court of Appeals
## For the Seventh Circuit
_____

No. 07-2601

CHRISTOPHER L. WIESMUELLER,

*Plaintiff-Appellant*,

*v.*

JOHN KOSOBUCKI, *et al*.,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07-C-211-S—**John C. Shabaz**, *Judge*.

_____

SUBMITTED DECEMBER 4, 2007—DECIDED JANUARY 29, 2008

_____

Before POSNER, RIPPLE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.  Wisconsin allows graduates of
the two law schools in the state to be admitted to the
practice of law without having to take the Wisconsin bar
exam. The plaintiff, a graduate of an out-of-state law
school, brought this suit against the members of the
Wisconsin Board of Bar Examiners and the Supreme Court
of Wisconsin, charging a violation of the commerce
clause of Article I of the Constitution and seeking injunc-
tive relief. The plaintiff moved for summary judgment; the
defendants moved to dismiss. After the judge denied the
plaintiff's motion but while the defendants' motion to
dismiss was pending, the plaintiff moved to certify a

class consisting of other graduates of out-of-state law schools who want to practice law in Wisconsin. The district judge granted the motion to dismiss the plaintiff's claim and having done so denied as moot the plaintiff's motion to certify the class.

The plaintiff has appealed. But shortly after filing his notice of appeal, he took the Wisconsin bar exam, and now he has learned that he passed it. The defendants ask us to dismiss his appeal as moot. Moot it is as far as his claim for relief on his own behalf is concerned, for the object of his suit, now attained, was to satisfy a prerequisite to being licensed to practice law in Wisconsin. The question is whether his appeal from the denial of class certification is moot.

If, on the one hand, the class in a class-action suit is certified before the named plaintiff's claim becomes moot, the mooting of his claim does not doom the suit. For the *suit* is not moot unless the claims of *all* the unnamed class members have also become moot; if not, they have a live claim against the defendant. *United States Parole Commission v. Geraghty*, 445 U.S. 388, 404 (1980); *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 755-56 (1976). Were the rule otherwise "the defendant could delay the action indefinitely by paying off each class representative in succession," *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 547 (7th Cir. 2003); see *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332-33, 339 (1980), though that is not what happened in this case.

Since the named plaintiff is the representative of the unnamed class members, the evaporation of his claim no more bars him from continuing in that capacity (provided a class has been certified), *Sosna v. Iowa*, 419 U.S. 393, 402 (1975), than a lawyer is barred from representing a litigant just because the lawyer himself has no dispute

with the defendant. The named plaintiff who no longer has a stake may not be a suitable class representative, but that is not a matter of jurisdiction and would not disqualify him from continuing as class representative until a more suitable member of the class was found to replace him. *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157-58 (7th Cir. 1999); *Walters v. Edgar*, 163 F.3d 430, 433 (7th Cir. 1998). Here, as in the *Geraghty* case, see 445 U.S. at 396, an unnamed class member (the plaintiff's wife, in fact, who has a law degree from an out-of-state school and has not taken the Wisconsin bar exam), has expressed interest in substituting for the plaintiff as class representative.

If, on the other hand, the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation. *Board of School Commissioners v. Jacobs*, 420 U.S. 128 (1975) (per curiam); *Bertrand ex rel. Bertrand v. Maram*, 495 F.3d 452, 456 (7th Cir. 2007). But coming to our case, what if the district court denies the plaintiff's motion to certify a class, the plaintiff appeals from that denial, and his appeal is pending when his substantive claim evaporates? In that case, the appeal is not moot, *Deposit Guaranty National Bank v. Roper*, *supra*, 445 U.S. at 335-37; *United States Parole Commission v. Geraghty*, *supra*, 445 U.S. at 404, because unless and until the appellate court affirms the denial of the motion to certify a class, there may be people other than the plaintiff with a legally protected interest in the suit—namely the unnamed members of the class.

The district judge seems to have thought that once he rejected the plaintiff's claim on the merits, there was no point in considering whether to certify a class, because the suit, whether on the plaintiff's behalf or on behalf of any

other graduate of an out-of-state law school who wants to practice in Wisconsin without taking the Wisconsin bar exam, wasn't going anywhere. But a district judge does not have the last word on the merits of a plaintiff's claim. The fact that he thinks it unsound doesn't mean that a class action by the plaintiff is doomed to failure. More-over, the fact that a suit lacks merit does not "moot" the question of class certification, as pointed out in *Bertrand ex rel. Bertrand v. Maram*, *supra*, 495 F.3d at 455, since if a class is certified, its members (unless they opt out of the class), and not just the named plaintiff, are bound by the judgment.

Which is not to say that the district judge may never dismiss a case on summary judgment without first ruling on the plaintiff's motion to certify a class. As we ex-plained in *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 941-42 (7th Cir. 1995) (citations omitted), "It is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But 'usually' is not 'always,' and 'practicable' allows for wiggle room. Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, . . . disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative. They could not here because the ground on which the district court threw out the plaintiff's claims would apply equally to any other member of the class. After granting the defendant's motion for summary judgment, therefore, and since (as was predictable, given the district

judge's ground) no one stepped forward to pick up the spear dropped by the named plaintiffs, the judge denied the motion for class certification. When the procedure that we have just described is followed, the defendant loses the preclusive effect on subsequent suits against him of class certification but saves the added expense of defending a class action and may be content to oppose the members of the class one by one, as it were, by moving for summary judgment, every time he is sued, before the judge presiding over the suit decides whether to certify it as a class action. If we reverse, the plaintiffs will be able to renew their motion for class certification; that is no doubt why they appealed the adverse judgment in this ostensibly trivial case."

It is true that in this case the plaintiff, as well as the district judge, put the cart before the horse, by moving for class certification after moving for summary judgment. But when the motion for class certification was filed, the judge had not yet ruled on the defendants' motion to dismiss, and he could have decided the motion for class certification, applying the criteria in Fed. R. Civ. P. 23, before deciding the case on the merits. This case is unlike *Banks v. National Collegiate Athletic Association*, 977 F.2d 1081, 1085-86 (7th Cir. 1992), where the parties agreed to defer the issue of certification until after the judge ruled on the merits, or *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103, 104 (4th Cir. 1999), and *Dugas v. Trans Union Corp.*, 99 F.3d 724, 728 (5th Cir. 1996), cases in which the plaintiff settled his claim and the court ruled that part of the settlement was the plaintiff's agreeing to give up his right to press for class certification. Conceivably this may be the exceptional case, like *Cowen*, in which deciding the merits of the case first and the motion for class certification

second is proper. But the district judge never ruled on the merits of the motion, because he thought that his ruling on the merits of the suit had made the motion moot. It had not.

The denial of class certification is therefore reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.


A true Copy:

Teste:


_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*