**WILDER CHIROPRACTIC, INC., a Wisconsin corporation, and as a representative of a class of similarly situated persons, Plaintiff,**

v.

**PIZZA HUT OF SOUTHERN WISCONSIN, INC., Defendant.**

**No. 10–cv–229–bbc.**

United States District Court, W.D. Wisconsin.

Dec. 6, 2010.

Charles H. Barr, Croen & Barr LLP, Milwaukee, WI, Phillip A. Bock, Bock & Hatch, LLC, Chicago, IL, Brian J. Wanca, Anderson & Wanca, Rolling Meadows, IL, for Plaintiff.

David S. Almeida, Michael Best & Friedrich LLP, Chicago, IL, Ian A.J. Pitz, Melissa S. Caulum, Michael Best & Friedrich, LLP, Madison, WI, for Defendant.

## OPINION and ORDER

BARBARA B. CRABB, District Judge.

It is not uncommon for the parties on both sides of a lawsuit to attempt to use the rules of procedure to obtain tactical advantages over their adversaries. In this proposed class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, defendant Pizza Hut of Southern Wisconsin, Inc. is attempting to avoid potential liability on a class-wide basis by offering plaintiff Wilder Chiropractic, Inc. the maximum amount that it could obtain on its individual claim. The law is clear that such an offer would end a lawsuit brought by a single plaintiff, even if the plaintiff rejects the offer. The law is less clear about the effect of such an offer on a case brought as a class action, in which the class has not yet been certified.

On the day defendant's offer was set to expire under Fed.R.Civ.P. 68, plaintiff filed a motion to strike the offer or, in the alternative, to certify the class. Dkt. # 21. Plaintiff relies on the general rule that, in the context of a class action, a defendant cannot moot the case by settling with the named plaintiff because the claims of the remaining class members must still be resolved. In response, defendant has filed a motion to dismiss, arguing that plaintiff's motion came too late. Dkt. # 28. Defendant's position is that a motion for class certification cannot save a case from becoming moot if the motion is filed after the offer of judgment was made.

Having reviewed the arguments of the parties and the case law addressing this

issue, I conclude that the lawsuit is not moot so long as plaintiff shows that it is entitled to class certification. A decision on that issue cannot be made at this time, however, because both sides failed to address several matters that I must resolve before deciding whether class certification is appropriate under Fed.R.Civ.P. 23. Accordingly, I will give the parties an opportunity to file supplemental materials.

## BACKGROUND [1]

Plaintiff Wilder Chiropractic, Inc. filed this lawsuit in the Circuit Court for Dane County, Wisconsin on March 19, 2010, alleging that defendant Pizza Hut of Southern Wisconsin, Inc. faxed an advertisement to plaintiff and "more than 3,000" others without permission on two occasions in March 2006, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and state common law. The Act makes it unlawful "to use any telephone facsimile machine … to send, to a telephone facsimile machine, an unsolicited advertisement" except in some circumstances when the sender has "an established business relationship with the recipient." 47 U.S.C. § 227(b)(1).

Plaintiff's pleading is titled "Class Action Complaint" and alleges that, "[o]n behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant." In its request for relief, plaintiff asks "[t]hat the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class."

■ On April 29, 2010, defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (It is not clear whether defendant filed its notice of removal within 30 days of receiving the complaint, as required by § 1446(b), but I need not resolve that question because defects in the removal procedure may be waived. *Pettitt v. Boeing Co.*, 606 F.3d 340, 342–43 (7th Cir.2010).) At the preliminary pretrial conference on July 15, 2010, the magistrate judge set a schedule for the case, with a deadline of January 3, 2011 for any motion to certify the class.

On August 4, 2010, defendant sent plaintiff an offer of judgment, but plaintiff objected to it because it stated incorrectly that plaintiff had 10 days to accept the offer rather than the 14 days allowed under Fed.R.Civ.P. 68. (Rule 68 was amended in 2009 to extend the deadline for accepting from 10 to 14 days.) In response, defendant withdrew that offer and sent a new one on August 17, 2010. Under the new offer, defendant would agree to "allow judgment to be taken against it in this action in the amount of $1,500.00 … for each and every facsimile advertisement … sent by [defendant] and received by [plaintiff]." In addition, defendant agreed to pay plaintiff's costs and "reasonable attorneys' fees" and to submit to an injunction "prohibiting it from sending unsolicited facsimile advertisements in violation of the" Act. Finally, defendant agreed to make the same offer to as many as 10 others who received the faxes.

Plaintiff did not accept defendant's offer. On August 31, 2010, the day defendant's offer was set to expire, plaintiff filed its motion to strike the offer, or, in the alternative, to certify the class.

---

**1.** The first 13 pages of defendant's opening brief are devoted to various allegations that plaintiff's counsel has engaged in improper behavior in the course of investigating plaintiff's claims. Plaintiff's counsel denies any wrongdoing. In any event, I am not including any of these allegations in the opinion because defendant does not explain how they are relevant to the motions before the court.

## OPINION

### A. Defendant's Motion to Dismiss and Plaintiff's Motion to Strike

Under Fed.R.Civ.P. 68(a), "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." The plaintiff has 14 days to accept the offer or it is deemed to be rejected. Fed.R.Civ.P. 68(a) and (b).

The parties seem to agree that the August 4 offer had no legal effect because defendant withdrew it after plaintiff identified a mistake in the offer about the deadline for accepting. Although courts have held that the doctrine of rescission is "inapplicable" to Rule 68, *e.g., Webb v. James,* 147 F.3d 617, 621 (7th Cir.1998), the reason for the rule is to protect the plaintiff. *Id.* at 621. I see no reason to enforce an offer that neither side argues should have any effect. 13 *Moore's Federal Practice* § 68.04[3] (3d ed. 2010) ("[S]ome courts permit revocation or rescission of an offer of judgment before acceptance for good cause shown, for example, ... to correct an obvious mistake.")

With respect to the August 17 offer, the parties agree that it represented the full amount plaintiff could hope to recover *individually* at trial. Under 47 U.S.C. § 227(b)(3), a plaintiff may recover "actual monetary loss" or $500 in statutory damages, whichever is greater, for each violation; if the violations were knowing or willful, damages may be trebled. Plaintiff does not suggest that its actual losses were greater than $500. Thus, $1500 is the maximum amount plaintiff could recover for each violation, the same amount defendant offered.

■ The general rule is that a federal court loses jurisdiction over a case when the defendant offers the plaintiff all the relief he could obtain at trial because there is no more relief the court can provide. *Deposit Guaranty National Bank, Jackson, Mississippi v. Roper,* 445 U.S. 326, 332, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ("Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs."); *Greisz v. Household Bank (Illinois), N.A.,* 176 F.3d 1012, 1015 (7th Cir.1999) ("[G]iving the plaintiff the equivalent of a default judgment ... eliminates a legal dispute upon which federal jurisdiction can be based."). Even if the plaintiff rejects the offer, the court of appeals has held that the case is subject to dismissal on mootness grounds. *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994) (plaintiff "may not spurn this offer of all the damages he is owed and proceed to trial"); *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir.1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.") (internal citation omitted).

Defendant's motion to dismiss raises questions about the effect of a Rule 68 offer in a class action. Plaintiff argues first that the court should "strike" defendant's offer as "improper" because it created a conflict between plaintiff's individual interests and those of the proposed class. Plt.'s Br., dkt. #21, at 3. Although the Court of Appeals for the Seventh Circuit has acknowledged that courts have "questioned whether Rule 68 offers should be permitted in class action cases," *Wrightsell v. Cook County, Illinois,* 599 F.3d 781, 783 (7th Cir.2010), it has not adopted that view. Further, the courts that have granted similar motions to "strike" an offer have relied on an interpretation of Fed.R.Civ.P. 23(e) that "[s]ettlement of a class action, *putative or otherwise,* requires the court's

approval after a fairness hearing that considers the settlement's effect on absent class members." *Janikowski v. Lynch Ford, Inc.,* 1999 WL 608714, *2 (N.D.Ill. 1999) (emphasis added). Rule 23(e) has since been amended to make it explicit that court approval is required for "certified class actions" only, so this reasoning no longer applies. *See also* Fed.R.Civ.P. 23, Advisory Committee Notes, 2003 Amendments ("Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action'.... The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.")

■ In any event, I agree with those courts that have held "that there is nothing to strike" because "a Rule 68 offer is not filed until it is accepted or until it is presented to the court when the defendant seeks to recover costs." 13 *Moore's Federal Practice* § 68.03[3] (3d ed. 2010) (citing *McDowall v. Cogan,* 216 F.R.D. 46, 51–52 (E.D.N.Y.2003), and *Bryant v. Bonded Accounts Services,* 2000 WL 33955881, at *4–5, 2000 U.S. Dist. LEXIS 22309, at * 12–13 (D.Minn. Aug. 2, 2000)). The question is not whether the court should "strike" the offer, but simply whether the offer has any legal effect in the context of this case. In other words, the question is whether plaintiff was required under Rule 68 to accept defendant's offer even though it included no provisions for most of the proposed class members.

■ The parties agree that an offer of judgment to the named plaintiff does not moot the case if the court certifies the class before the offer is made, *United States Parole Commission v. Geraghty,* 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Wiesmueller v. Kosobucki,* 513 F.3d 784, 786 (7th Cir.2008), or if a motion for class certification is pending at the time of the offer. *Primax Recoveries, Inc. v. Sevilla,* 324 F.3d 544, 547 (7th Cir.2003); *Greisz,* 176 F.3d at 1015; *Susman v. Lincoln American Corp.,* 587 F.2d 866, 869 (7th Cir.1978). The reasoning behind these holdings is that an offer of judgment to an individual plaintiff cannot moot the entire case because the interests of the unnamed class members are still at stake. *Pastor v. State Farm Mutual Automobile Insurance Co.,* 487 F.3d 1042, 1043–44 (7th Cir.2007) (plaintiff's "acceptance of the [defendant's] offer did not resolve the dispute between the unnamed class members and the defendant and so did not render the case moot").

The law is less clear whether a proposed class action survives if the defendant makes an offer before the plaintiff files a motion to certify. Some courts have held that the case is moot any time the offer precedes the certification motion. *Damasco v. Clearwire Corp.,* 2010 WL 3522950, *4 (N.D.Ill.2010); *Martin v. PPP, Inc.,* 719 F.Supp.2d 967, 970 (N.D.Ill.2010); *White v. Humana Health Plan, Inc.,* 2007 WL 1297130, *6 (N.D.Ill.2007). Other courts have held that the case is not moot so long as the plaintiff files a motion for class certification before the expiration of the deadline for accepting the offer. *Parker v. Risk Management Alternatives, Inc.,* 204 F.R.D. 113, 115 (N.D.Ill.2001); *Kremnitzer v. Cabrera & Rephen, P.C.,* 202 F.R.D. 239, 244 (N.D.Ill.2001); *Gibson v. Aman Collection Service, Inc.,* 2001 WL 849525, *1 (S.D.Ind.2001); *Asch v. Teller, Levit & Silvertrust, P.C.,* 200 F.R.D. 399 (N.D.Ill.2000). Still other courts say that the case may proceed so long as the plaintiff moves for class certification within a reasonable time after receiving an offer. *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir.2008); *Weiss v. Regal Collections,* 385 F.3d 337, 348–49 (3d Cir.2004); *Clausen Law Firm, PLLC v. National Academy of Continuing Legal*

*Education*, —— F.Supp.2d ——, No. 10–cv–01023–JPD, 2010 WL 4396433, \*11–12 (W.D.Wash. Nov. 2, 2010); *McDowall*, 216 F.R.D. at 50–52.

In determining whether an offer of judgment under Fed.R.Civ.P. 68 moots a lawsuit in the context of a class action, federal courts must begin with *Roper*, 445 U.S. 326, 100 S.Ct. 1166. In that case, the district court denied the plaintiff's motion for class certification after which the defendant "tendered to each named plaintiff ... the maximum amount that each could have recovered." *Id.* at 329, 100 S.Ct. 1166. The plaintiffs rejected the offer, the district court entered judgment on mootness grounds and plaintiffs appealed the denial of class certification. *Id.* The court of appeals held that the defendant's offer of judgment did not bar the plaintiffs from appealing. The Supreme Court affirmed, noting the various interests implicated in a proposed class action:

> A separate consideration, distinct from their private interests, is the responsibility of named plaintiffs to represent the collective interests of the putative class. Two other interests are implicated: the rights of putative class members as potential intervenors, and the responsibilities of a district court to protect both the absent class and the integrity of the judicial process by monitoring the actions of the parties before it.

*Id.* at 331, 100 S.Ct. 1166. The Court concluded that the case was not moot because "[n]either the rejected tender nor the dismissal of the action over plaintiffs' objections mooted the plaintiffs' claim on the merits so long as they retained an economic interest in class certification." *Id.* at 332–33, 100 S.Ct. 1166. The Court discussed the problems with a contrary result:

> To deny the right to appeal simply because the defendant has sought to "buy off" the individual private claims of the named plaintiffs would be contrary to sound judicial administration. Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement. It would be in the interests of a class-action defendant to forestall any appeal of denial of class certification if that could be accomplished by tendering the individual damages claimed by the named plaintiffs.

*Id.* at 339, 100 S.Ct. 1166.

Defendant is correct that the procedural posture of *Roper* is different from this case because the plaintiffs in *Roper* had already moved for class certification at the time the defendant made an offer. However, the concerns noted in *Roper* are identical. Rule 68 does not limit the timing of an offer, so a plaintiff has no way of predicting when a defendant will make one. Thus, if plaintiffs are not given an opportunity to move for class certification after a Rule 68 offer, the same problem will arise of allowing defendants to "pic[k] off" plaintiffs "before an affirmative ruling on class certification could be obtained," a result that "obviously would frustrate the objectives of class actions" and "invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Id. See also Weiss*, 385 F.3d at 343–44 ("But the matters addressed in *Roper*—particularly a defendant's ability to 'pick off' representative plaintiffs and thwart a class action—have direct application to the issue [whether a defendant may moot a proposed class action by making of an offer of judgment before a motion for class certification is filed] presented by this appeal.")

It would make little sense to fashion a rule that would allow the fate of a case to be resolved by a race to the courthouse, particularly when the deadline for filing a motion for class certification is still months away. (Defendant made its offer in August 2010; the deadline for filing a motion for class certification is January 2011.) Such an arbitrary result would serve no purpose other than providing defendants a procedural advantage or requiring plaintiffs in every class action to accompany their complaint with a motion for class certification. Neither outcome makes any sense. Generally, courts are reluctant to fashion rules of jurisdiction in ways that allow one party to manufacture or destroy it. *In re Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379, 380–81 (7th Cir.2010) ("[R]emoval cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction."); *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir.2009)("A plaintiff typically may choose its own forum, but it may not join a nondiverse defendant simply to destroy diversity jurisdiction."); *Certain Underwriters at Lloyd's London v. Argonaut Insurance Co.*, 500 F.3d 571, 575 (7th Cir.2007) (noting courts' reluctance to allow defendant to moot case through voluntary cessation because it may be "maneuvering on the part of the respondent ... to defeat the petitioners' ability to obtain a judicial determination of their rights"). Further, the need for discovery may make it impossible in many cases to file a motion for class certification along with the complaint. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir.2001) (holding that district court cannot accept class allegations as true and must "make whatever factual and legal inquiries are necessary under Rule 23" before certifying class).

As noted above, the parties agree that there is no mootness problem when a defendant makes an offer after the plaintiff files a motion for class certification but before the court rules on the motion. Defendant does not offer any reasoning for making a distinction in a case in which the plaintiff files its motion after the offer but within the deadline for rejecting it. Its argument assumes that the court loses jurisdiction over the case immediately after defendant makes the offer; accepting that argument would deprive the plaintiff of the time provided in Rule 68 and suggest that jurisdiction disappears even before the defendant files the Rule 68 offer with the court.

One could argue that the Court suggested in *Roper* that the important question for the purpose of mootness is whether the plaintiff has given the defendant notice in its complaint that it intends to seek class certification. In his concurring opinion, Justice Rehnquist stated that "[a]cceptance need not be mandated under our precedent since the defendant has not offered all that has been requested in the complaint (i.e. relief for the class)." *Id.* at 341, 100 S.Ct. 1166 (Rehnquist, J., concurring). Even before *Roper*, the Court of Appeals for the Seventh Circuit acknowledged this view: "It would be arguable ... that a complaint with class action allegations sufficiently brings the interests of the class members before the court, at least where the court proceeds with reasonable promptness to reach the issue of class action maintenance." *Susman*, 587 F.2d at 869 n. 2. *See also Parker*, 204 F.R.D. at 115 ("[A]t the time defendant made its offer, it was well aware that plaintiff sought relief beyond merely his personal statutory damages."). This view was adopted by the Court of Appeals for the Third Circuit in *Weiss*, 385 F.3d at 346–47, when it concluded that a motion for class certification "relates back" to the filing of a complaint with class allegations so that an offer of judgment cannot moot the case

so long as the plaintiff files its motion within a reasonable time.

Lacking any reasoning to support its position, defendant says that case law requires dismissal of the case, citing three Seventh Circuit cases: *Wiesmueller, Greisz* and *Holstein.* In *Wiesmueller,* 513 F.3d 784, the court of appeals concluded that the district court erred in refusing to consider a motion for class certification after dismissing the named plaintiff's claim on the merits. The holding in *Wiesmueller* does not help defendant, who points to a statement the court made when summarizing the relevant law: "If ... the named plaintiff's claim becomes moot before the class is certified, the suit must be dismissed because no one besides the plaintiff has a legally protected interest in the litigation." *Id.* at 786.

This casual statement of dictum cannot be taken literally. *Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir.1998) ("Dicta are the parts of an opinion that are not binding on a subsequent court, whether as a matter of stare decisis or as a matter of law of the case."); *Sutton v. A.O. Smith Co.,* 165 F.3d 561, 564 (7th Cir.1999) ("The dictum of an intermediate state court is weak authority at best, especially when it is an unelaborated hint that if taken seriously would be contrary to settled doctrine that the court does not discuss."). It is directly contrary to *Susman,* which the court did not cite in *Wiesmueller.* Further, neither case cited by the court in *Wiesmueller* actually supports the statement. *Board of School Commissioners v. Jacobs,* 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam), addressed the question whether the court had properly certified a class in compliance with Rule 23(c). *Bertrand ex rel. Bertrand v. Maram,* 495 F.3d 452 (7th Cir.2007) seems to support plaintiff's view. The court stated that "class certification *may follow* the defendant's actual or attempted satisfaction of the would-be repre-sentative's demand." *Id.* at 456 (emphasis added).

In *Greisz,* 176 F.3d at 1013, the district court denied the plaintiff's motion for class certification because of "the proved incapacity of the lawyer for the class, Joseph A. Longo, to litigate a class action." The defendant then made a Rule 68 offer of judgment, the plaintiff declined the offer and the court dismissed the case as moot. *Id.* The court of appeals affirmed both decisions.

Because the offer of judgment came after the denial of class certification and the court of appeals affirmed that decision, the holding in *Greisz* sheds little light on the proper resolution of this case. Again, defendant relies on a statement of dictum in *Greisz:*

> We would have a different case if the bank had tried to buy off Greisz with a settlement offer greater than her claim before the judge decided whether to certify the class. For then Longo would have had to find another named plaintiff to keep the suit alive, and if the defendants had bought off that plaintiff as well and had repeated this tactic as Longo scrounged for a class representative, they might have hamstrung the suit. The tactic is precluded by the fact that before the class is certified, which is to say at a time when there are many potential party plaintiffs to the suit, an offer to one is not an offer of the entire relief sought by the suit, *unless the offer comes before class certification is sought,* and so before the existence of other potential plaintiffs has been announced. And obviously the rejection of an offer of less than the complete relief sought by a suit does not prove that there is no dispute between the litigants.

*Id.* at 1015 (emphasis added) (internal citations omitted). Defendant interprets the italicized clause to mean that the case is

moot unless the motion for class certification precedes the offer of judgment.

I believe that defendant's reliance on the clause in *Greisz* is misplaced. To begin with, it is another isolated statement of dictum without any explanation. Further, the court does not say that the named plaintiff must file a *motion* for class certification before the offer judgment, only that the offer may require dismissal if it comes before that class certification is "sought" and "before the existence of other potential plaintiffs has been announced." Because the existence of other potential plaintiffs can be "announced" in the complaint, that statement could be read simply to mean that the plaintiff must give the defendant official notice of its intent to proceed as a class, through a motion for class certification *or* a complaint with class allegations.

This view is supported by the court's discussion surrounding the italicized clause. The court repeated the concern from *Roper* and other cases about a defendant's attempt to "hamstr[i]ng the suit" by "buy[ing] off" individual plaintiffs. As discussed above, that concern cannot be alleviated if defendant's position is adopted. If the plaintiff does not have an opportunity to file a motion for class certification after an offer is made, the defendant has unilateral control to moot the lawsuit at any time.

Defendant's strongest case is *Holstein*, 29 F.3d 1145, in which the plaintiff was challenging municipal ordinances related to Chicago's towing procedures. After the plaintiff filed the lawsuit, "individually and as a purported class representative," the city "instituted procedures to refund to [the plaintiff] the towing and storage fees he was forced to pay." *Id.* at 1146. The court concluded that the plaintiff's individual claim was moot because "the City has offered [the plaintiff] all the damages due

him." *Id.* at 1147. The court then considered the implications for the lawsuit:

> Ordinarily, simply determining that a plaintiff's case is moot dictates that his claim must be dismissed for lack of subject matter jurisdiction. But mootness requirements are somewhat different where the plaintiff attempts to represent a class. If the district court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. Here, [the plaintiff] cannot claim the benefit of this exception to the mootness doctrine because the district court did not certify the class; indeed, [the plaintiff] did not even move for class certification prior to the evaporation of his personal stake. [The plaintiff], then, cannot avail himself of the class action exception to the mootness doctrine.

*Id.* (internal citations omitted).

*Holstein* seems to reject the view that an offer of judgment to the named plaintiff cannot moot a proposed class action. The court affirmed the dismissal for mootness even though the plaintiff stated in his complaint that he filed the lawsuit as "a purported class representative." However, the scope of the holding in *Holstein* is not clear. The court does not say in its sparse discussion whether or when the plaintiff filed a motion for class certification and it does not say whether an individual's claim "evaporate[s]" the moment the offer is made or when the time for accepting the offer expires.

Defendant does not develop an argument about *Holstein*'s scope in its briefs. In its reply brief, defendant cites another court's statement that *Holstein* means "that after a class is certified, an individual settlement offer will not moot the action, but before certification, it will." Dft.'s Br., dkt. # 35, at 15 (quoting *Asch*, 200 F.R.D. at 400). Defendant may mean to argue that *Holstein* stands for the proposition

that the court must certify the class before the defendant makes an offer in order to fit within "the class action exception to the mootness doctrine." However, that cannot be the correct reading because it is inconsistent with *Susman* and *Greisz*. It is a misleading quotation from *Asch* as well because the court went on to say that *Holstein* left open the question "of what happens where a motion for class certification is filed before an offer of judgment has lapsed" and concluded that dismissal was not required in that situation. *Asch*, 200 F.R.D. at 400. In a footnote, defendant says that *Holstein* stands for the proposition that "a defendant is entitled to 'pick off' named plaintiffs one by one via [offers of judgment] provided class certification has not been sought prior to tender." Dft.'s Br., dkt. # 29, at 13 n. 10. However, defendant cites no language from the opinion in support of its argument.

District courts in this circuit have debated whether *Holstein* requires dismissal when a plaintiff files a motion for class certification after an offer of judgment but before the deadline for accepting the offer. Although the court of appeals did not say whether or when the plaintiff filed a motion for class certification, other courts have reviewed the opinion and record of the district court to determine that the plaintiff filed such a motion, but not until well after the deadline for accepting the offer. *Damasco*, 2010 WL 3522950, at *4 n. 2. Some courts have used that fact to distinguish *Holstein*. *Parker*, 204 F.R.D. at 115 ("*Holstein* [is] distinguished from cases (such as the instant case) where the defendant makes a Rule 68 offer and plaintiff files a motion for class action certification prior to the expiration of the ten-day offer period under Rule 68."); *Gibson*, 2001 WL 849525, at *1 ("In *Holstein*, the offer of judgment was made and expired before any class certification motion was filed."). Others have ignored the distinc-

tion or concluded that it is not relevant. *Damasco*, 2010 WL 3522950, at *5–9; *White*, 2007 WL 1297130, at *7. In *Damasco*, the court found the reasoning in cases such as *Asch* to be "persuasive," but concluded that *Holstein* required a different result because the court of appeals failed to mention that the plaintiff had filed an untimely motion for class certification: "It seems unlikely that the Seventh Circuit would have neglected to discuss the time that elapsed between the defendant's settlement offer and the plaintiff's motion for class certification if it had been a significant factor (or a factor at all)." *Id.* at *8.

I conclude that *Holstein* does not require dismissal of this case. Contrary to defendant's assertion, the court of appeals has stated repeatedly that a defendant should not be permitted to defeat a class action by paying off the named plaintiffs. *Wrightsell*, 599 F.3d at 783 (noting concern over rule that would allow "defendant [to] pick off successive class representatives by offering more than the maximum value of the class representative's personal claim"); *Bertrand*, 495 F.3d at 456 (stating that it "is essential to prevent defendants from buying off all potential class representatives by meeting their demands, one at a time, and thus preventing effectual relief to a larger class of victims"); *Primax*, 324 F.3d at 547 (dismissal not required when class certification motion is pending because "[o]therwise the defendant could delay the action indefinitely by paying off each class representative in succession"); *Kifer v. Ellsworth*, 346 F.3d 1155, 1156 (7th Cir.2003) ("[T]he mooting of the class representative's personal claim does not bar him from continuing to represent the class, as otherwise defendants might delay the grant of relief in class actions indefinitely by buying off the class representatives in succession.") (citations omitted); *Susman*, 587 F.2d at 870 ("The notion that a defendant may short-circuit a class action by paying off the class representatives

either with their acquiescence or, as here, against their will, deserves short shrift. Indeed, were it so easy to end class actions, few would survive."). Thus, it makes little sense to interpret *Holstein* in a way that would allow exactly what these cases say is prohibited.

*Damasco* is a model of principled decision making but, in my view, the court relied too heavily on *Holstein*'s silence. The discussion regarding mootness in *Holstein* is a short one and includes no mention of seminal cases such as *Roper* and *Susman*. The court did not explain what it meant when it said that the plaintiff had failed to move for class certification before "the evaporation of his personal stake," which could be interpreted reasonably to mean either the time the offer was made or the deadline for accepting the offer. One can only speculate why the court did not discuss the plaintiff's untimely motion for certification and I decline to read into the opinion holdings that are not there. The bottom line is that *Holstein* includes no holding or even dicta requiring district courts to dismiss a case as moot when a plaintiff files a class certification motion within the Rule 68 deadline. Because I see no principled basis for distinguishing between a motion filed just before an offer of judgment and one filed before the deadline for accepting expires, I conclude that a live controversy remains so long as the court grants plaintiff's motion for class certification. I turn next to that question.

### B. *Motion for Class Certification*

Plaintiff wishes to represent the following class: "All persons who received one or more faxes in March and April 2006 advertising 'Spring into Savings' with 'Limited Time Offers' at the Pizza Hut at 811 S. Gammon Rd., Madison, WI." Plaintiff requests class certification under Fed. R.Civ.P. 23(b)(3), which is appropriate if "questions of law or fact common to members of the class predominate over any questions affecting only individual members" and if "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." In all class actions, the plaintiff must show that an ascertainable class exists; the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a); *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 513 (7th Cir.2006); *Blihovde v. St. Croix County*, 219 F.R.D. 607, 616 (W.D.Wis.2003).

One of the primary purposes of Rule 23 is to provide an efficient and economical way to resolve claims of similarly situated plaintiffs with small claims. *Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742, 744 (7th Cir.2008)("The class action is an ingenious device for economizing on the expense of litigation and enabling small claims to be litigated."); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997) ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights."). Because damages under the Telephone Consumer Protection Act are usually small and claims may involve a uniform course of conduct, numerous courts have recognized that class certification may be appropriate in cases brought under the the the Act. *E.g., Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F.Supp.2d 894, 897–98 (N.D.Ill.2010) (Shadur, J.); *Clearbrook v. Rooflifters, LLC*, 2010 WL 2635781, *4 (N.D.Ill.2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.*, 2010 WL 744262, *3 (N.D.Ill.2010) (Darrah, J.) *Holtzman v. Turza*, 2009 WL 3334909, *7

(N.D.Ill.2009) (Gettleman, J.); *Green v. Service Master On Location Services Corp.*, 2009 WL 1810769, *1–2 (N.D.Ill. 2009) (Hibbler, J.); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892, *3–5 (N.D.Ill. 2008) (Aspen, J.); *Hinman v. M and M Rental Center, Inc.*, 545 F.Supp.2d 802, 806–07 (N.D.Ill.2008) (Bucklo, J.); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642, 651 (W.D.Wash.2007).

These decisions may be concentrated in the Seventh Circuit because many federal appellate courts have concluded that Congress gave state courts exclusive jurisdiction over claims brought by private parties under the Telephone Consumer Protection Act. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir.2005) (citing cases from Second, Third, Fourth, Fifth, Ninth and Eleventh Circuit). However, the Court of Appeals for the Seventh Circuit bucked the trend in *Brill*, concluding that the other decisions were inconsistent with recent Supreme Court precedent and that "that removal is authorized not only by the Class Action Fairness Act but also by § 1441, because the claim arises under federal law." *Id.* at 1451.

Defendant does not develop any argument in opposition to plaintiff's motion for class certification. In particular, it does not deny that it sent the fax at issue to more than 1,000 numbers in March 2009, that there are common questions of law and fact because all class members received the same fax from defendant, that the named plaintiff is an adequate representative because it does not have conflicting interests with other class members and that a class action is superior to individual lawsuits because of the large number of class members and small size of their claims.

Unfortunately, there are a number of matters that neither side addresses in their briefs. With respect to the class definition, plaintiff fails to explain why it has included faxes sent in the month of April when its complaint and expert report are limited to faxes sent in March 2006. More generally, plaintiff says nothing about the requirement that the proposed class be ascertainable.

With respect to the question whether common issues predominate, plaintiff fails to address the question raised by a number of courts regarding whether class certification is inappropriate because of individualized determinations that may be required on the issue of the class members' consent to receive the faxes. *Saf-T-Gard Intern., Inc. v. Wagener Equities, Inc.*, 251 F.R.D. 312, 314 (N.D.Ill. 2008) ("The most frequent bone of contention, in this jurisdiction as in others, revolves around the issue of consent."). *See also Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 326–328 (5th Cir. 2008); *Clearbrook*, 2010 WL 2635781, at *4; *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169 (S.D.Ind.1997); *Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403 (E.D.Pa.1995).

Finally, plaintiff states without any support that its proposed class counsel is adequate. It does not submit an affidavit regarding counsel's qualifications or address many of the factors that a court must consider under Fed.R.Civ.P. 23(g).

■ Courts have an independent obligation to determine whether a case meets the requirements of Rule 23. *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir.2003). Accordingly, I will give the parties an opportunity to address these issues before deciding whether a class should be certified.

### ORDER

IT IS ORDERED that

1. Plaintiff Wilder Chiropractic, Inc.'s motion to "strike" defendant Pizza Hut of Southern Wisconsin, Inc.'s offer of judgment, dkt. # 21, is DENIED.

2. Defendant's motion to dismiss for lack of subject matter jurisdiction, dkt. # 28, and plaintiff's motion for class certification, dkt. # 21, are STAYED.

3. The parties may have until December 27, 2010, to submit supplemental briefs and evidence on the following questions:

(a) whether plaintiff has identified an ascertainable class;

(b) whether faxes sent in April 2006 should be included in the class claims;

(c) whether individualized determinations regarding the recipients' consent preclude a finding that common questions of law and fact predominate; and

(d) whether proposed class counsel satisfies the factors in Fed.R.Civ.P. 23(g).

4. If the parties do not respond by December 27, 2010, I will deny the motion for class certification and dismiss the case as moot.